### EDWARD N. CLOPPER v. J. C. HUTCHESON ET AL.

Delivered April 20, 1897.

**District Court—Certiorari to County Court—Discretion.**

The District Court will not revise an order of the County Court upon a question of discretion alone, as that involved in the objection that the sale of the ward's land was for a grossly inadequate price.

ERROR from Harris. Tried below before W. P. HAMBLEN, ESQ., Special Judge.

*George H. Breaker*, for plaintiff in error.—The sale by the guardian, complained of, was made for less than 50 cents per acre, and there was evidence to show that the property at that time was worth five times that much, and that the price obtained by the guardian therefor was grossly inadequate, and plaintiff was therefore entitled to have the evidence submitted to the jury, that they might ascertain by verdict under special charge what was the fair value of the property at the time of the sale by the guardian, and that the court might then render judgment setting aside or refusing to set aside the sale, as it might think proper under the light of the verdict of the jury. Rev. Stats. 1879, arts. 290, 297; Heath v. Layne, 62 Texas, 694; Linch v. Broad, 70 Texas, 92.

*Hutcheson, Campbell & Sears*, for defendants in error.—The question whether a sale made by a guardian should be confirmed or not is left by cur laws entirely to the discretion of the county judge, and where discretion is confided to an officer or tribunal, there can be no revision and no appeal, even if it had been shown that the sale of this land had been made and confirmed for less than its value. Carroll v. Booth, 2 Posey, 326; Wells v. Mills, 22 Texas, 304; Davis v. Stewart, 4 Texas, 226; Duer v. Police, 34 Texas, 284.

FLY, ASSOCIATE JUSTICE.—Plaintiff in error, a minor, by his next friend, George H. Breaker, applied to the District Court of Harris County for a writ of certiorari to bring up for revision and correction a decree of the County Court made on March 12, 1890, confirming the sale of one-third of a league of land sold by W. H. Crank, the guardian at that time of the estate of plaintiff in error. J. C. Hutcheson, George

Anderson, W. H. Grennell, Robert R. Greer, John C. Salsbury, and William H. Crank were made parties to the suit, it being alleged that Crank, as guardian of plaintiff in error, sold to Hutcheson, who sold to Anderson, who sold to Grennell, who sold to Greer, who sold a part of it to Salsbury. The order of confirmation was complained of on the ground that the amount for which the guardian sold the land was grossly inadequate. The writ of certiorari was granted, and the case was tried by a jury, a verdict being instructed for defendants in error.

The testimony was conflicting as to the value of the land at the time of the sale. The proceedings in the County Court leading up to the sale of the land by the guardian were in strict compliance with the law relating thereto. Article 332, Revised Statutes, provides that: "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward; provided, that persons non compos mentis, infants, and femmes covertes, shall have two years after the removal of their respective disabilities within which to apply for such revision and correction." In article 339 it is provided: "The cause shall be tried de novo in the District Court, but the issues shall be confined to the grounds of error specified in the application for the writ."

Gross inadequacy of price was the only ground of error specified in the application for the writ, and if that, unaccompanied by fraud or mistake, be a ground upon which an order of the County Court in probate can be revised and corrected, then the District Court erred in not permitting the jury to pass upon the facts in regard to the value of the land, and its judgment should be reversed and the cause remanded. The question before this court has never been passed upon by an appellate court of Texas, except by the Commission of Appeals in the case of Carroll v. Booth, 2 Posey's Unreported Cases, 326, and the opinion in that case is very unsatisfactory, in that there is simply a ruling that inadequacy of price of land sold by a guardian is not sufficient ground for a certiorari to the County Court, without any reasons being offered for the decision.

The question is therefore practically a new and unanswered one. It comes before this court unincumbered with any allegation of error in the proceedings relating to the sale of the land, or charge of fraud upon the part of the guardian, or failure upon the part of the County Judge to inquire into the manner in which such sale was made, and to hear evidence in support of or against the report of sale. All these things are conceded, and it appears that the judge was fully satisfied that the sale was fairly made and in conformity with law. If there was any error at all, it was in judicial discretion, not in law, for the law was complied with to the letter. There was nothing, therefore, in the proceedings of the court to put any one upon notice of any illegality in the transaction.

The ground of revision must and can only be a lack of discretion in

the judge in passing upon the facts in regard to the fairness of the price, and the District Court was called upon to pass upon it, not in the light of the facts before the County Judge, but other and perhaps totally different testimony. We do not believe that it was contemplated by the Legislature that such a ground for revision of a probate order should be tenable. To sanction such a ground would be to lay every title from an executor, administrator, or guardian open to attack, and that, too, upon a point against which it would be impossible to guard. Compliance with the most minute requirements of the law would be no safeguard against the attack, for it is an error that is not based upon the law, but upon a lack of proper discretion in the county judge. The attack may come many years after the sale was made, when the evidence before the county judge is inaccessible or unknown, and a revision of his official discretion would take place, and upon a different state of facts. It might be held that he was wrong in ruling that the price for the land was a fair one, and therefore titles would be unsettled, and confusion reign. To thus remedy a supposed wrong to an individual would be to unsettle the titles of thousands. Those titles may have passed through many mutations, as in this case, and may have been held unsuspectingly for many years, the parties having no notice of errors in the probate proceedings, and no way of ascertaining them.

Public policy would, in the absence of fraud or any error of law, preclude a revision of the order of the county judge upon a question of discretion alone. Not only would the holders of titles from the estates of decedents suffer from permitting a revision of matters that must in the very nature of things be confided to the judicial discretion of some one, but great loss would be entailed upon such estates, the practical effect of such power of revision being to prohibit the sale of such estates. No one would be found with sufficient temerity to purchase property that carried with it not only the possible, but probable, means of destruction of its title against which business foresight and prudence could make no provision.

We can readily understand that there might be such gross inadequacy of price as to carry with it such a presumption of unfairness and fraud as would demand a revision, but no such facts appear in this case.

The judgment is affirmed.

*Affirmed.*