LEE et al. v. BENZES et al. (No. 6158.)

(Court of Civil Appeals of Texas. San Antonio. March 5, 1919.)

1. PLEADING ☞228 — CERTIORARI — EXCEPTIONS—ADMISSION.

Upon exceptions to petition for certiorari, averment of petition must be taken as true.

2. EXECUTORS AND ADMINISTRATORS ☞379— SALE OF LAND—INADEQUACY OF PRICE.

Where land is sold by administrator for one-fourth of its actual value, the inadequacy in price is so great as to shock the conscience and raise a presumption that the court was imposed upon.

3. EXECUTORS AND ADMINISTRATORS ☞375— SALE OF LAND—ORDER CONFIRMING SALE— CERTIORARI.

An order confirming administrator's sale of land for one-fourth of its actual value is so grossly unjust to the heirs as to be subject to revision by certiorari, though petition for certiorari did not allege fraud or mistake.

4. CERTIORARI ☞42(9)—TRIAL AMENDMENT— ISSUES.

On certiorari, court properly refused petitioner permission to file trial amendment presenting additional grounds; the petitioner, under Vernon's Sayles' Ann. Civ. St. 1914, art. 740, being confined to the grounds specified in the petition.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Certiorari by Richard Lee and others to review order approving and confirming administrator's sale, and order appointing Theo. W. Jahns, administrator, opposed by Granvil Benzes and others. Exceptions sustained to that portion of petition relating to the confirmation of sale, and after the trial as to the remaining matters there was judgment against petitioners, and they appeal. Reversed and remanded.

E. E. Fischer, of Seguin, for appellants.
Dibrell & Mosheim, of Seguin, for appellees.

MOURSUND, J. On September 21, 1916, in the county court of Guadalupe county, sitting in matters of probate, there was entered an order in the administration of the estate of Sampson Lee, approving the report of the sale of 50 acres of land belonging to said estate, and confirming such sale. The report of the administrator showed that the sale had been made to Clarence Freeman at public auction for $425 cash. On January 30, 1918, an order was entered approving the final account of the administrator and discharging the administrator.

A petition for certiorari to review the order approving and confirming said sale, and the order appointing Theo. W. Jahns administrator, was presented to the district judge on November 28, 1917, by appellants, the surviving wife and heirs at law of Sampson Lee. The petition was ordered filed. The prescribed bond was duly given and the writ of certiorari issued.

On May 3, 1918, the cause came on to be heard, and the court sustained exceptions to all that portion of the petition relating to the confirmation of such sale. Thereupon a trial was had as to the remaining matters, and judgment rendered against the petitioners.

The petition for certiorari contained the following allegations:

"That the sale of said land was not fairly made, in that the same was sold much under the real market value of said land. Contestants allege that said land is worth in the market and was worth in the market at that time, and is worth now, at least $1,700, or more than four times the value for which it was sold. That the said land was sold by Clarence Freeman to de-

fendant Granvil Benzes on the 6th day of November, 1916, for $1,700, when on the 1st day of August, 1916, the said administrator sold said land to Clarence Freeman for only $425."

The contestants also allege that the land was sold so far below an adequate price, and below the real market value thereof, that great injury has resulted to them.

The exception sustained to said allegations reads as follows:

"These defendants specially except to that part of plaintiffs' petition which seeks to set aside the deed made by the administrator, to Clarence Freeman, for the reason that it appears from the petition that the administrator of the estate of Sampson Lee, deceased, made application for the sale of said land, and that an order of sale was granted by the court, and that said land was sold under said order in the regular way, and said sale was reported to the court by the administrator as required by law, and approved by the county judge of Guadalupe county, sitting as a probate court, and there is no allegation of fraud on the part of the administrator, or on the part of the purchaser of said land at said sale, and no allegations of any collusion between the administrator and the purchaser, Clarence Freeman, at said sale or between said Clarence Freeman or any other person at said sale; but in so far as the allegations of said petition are concerned, it does not appear that there was any fraud or any wrong perpetrated by the administrator or the purchaser of said land at said sale, and in the absence of any allegations of fraud, on the part of the administrator, or the purchaser, said sale would be in law valid, and these defendants pray that said allegations be stricken out."

[1-3] Upon the issue, whether the court erred in sustaining such exception, both parties cite the cases of Clopper v. Hutcheson, 16 Tex. Civ. App. 157, 40 S. W. 604, and Comstock v. Lomax, 135 S. W. 185, both decided by this court. In neither of these cases was it held that an order confirming a sale could not be reviewed by means of certiorari, no matter how inadequate a price was obtained. On the contrary there are expressions in both opinions to the effect that there might be such inadequacy of price as to warrant relief by certiorari. In each of the cases the court considered the facts adduced upon the trial. In this case, an exception to the petition was sustained, and the averment must be taken as true that the property was sold for one-fourth of its value. The inadequacy is so

209 S.W.—49

great as to shock the conscience, and raise a presumption that the court was imposed upon in some way. We conclude that the exception should not have been sustained.

An investigation of our decisions relating to certiorari to the county court has not put us in possession of any definitely expressed rule with respect to what is meant by distinctly setting forth the error in the proceeding sought to be revised. However, as a party who did not appear in the probate court may institute certiorari proceedings (Heaton v. Buhler, 127 S. W. 1078), it appears that the inquiry is not directed at whether the county court was justified in entering a certain order upon the evidence adduced before him, but whether the order entered is one which in view of the facts set out in the petition for certiorari is distinctly shown to be one which the law declares should not be entered. If land is worth four times the sum for which a sale is approved, an order has been entered which is grossly unjust to the heirs, and which we believe is subject to revision by certiorari, even though unaccompanied by allegations of fraud or mistake.

[4] We conclude that the court did not err in refusing permission to file a trial amendment. The amendment could serve no purpose of explaining or adding to the ground relied on in the petition as showing error in confirming the sale, but presented additional grounds charging misinformation by the administrator as to the date of the sale and collusion on his part with the purchaser. The statute confines the petitioner to the grounds specified in the petition. Article 740, Vernon's Statutes.

There being no statement of facts in the record, we are unable to determine whether the judgment denying the application of Hood Lee to be appointed administrator is contrary to the evidence. The judgment indicates that the court refused to appoint an administrator, because, having declined to try the issue, whether the sale should be confirmed, it appeared there was no property to administer upon.

We conclude that, although the assignment must be overruled, it is proper to reverse the entire judgment, and remand the cause for a trial upon the issues presented in the petition for certiorari.

Judgment reversed, and cause remanded.