## SCHWIND et al. v. GOODMAN et al.
### (No. 112-2960.)

(Commission of Appeals of Texas, Section B. May 12, 1920.)

**1. Guardian and ward ⬾24—Election as clerk of court not disqualification to act as guardian.**

That a guardian was elected clerk of the probate court did not disqualify him from acting as guardian.

**2. Guardian and ward ⬾107—Order of sale not subject to collateral attack because guardian as clerk of court gave notice of application.**

An order of sale by a probate court does not depend for its validity on notice of the application for sale, and the fact that a guardian was clerk of the probate court at the time of sale at his instance he giving the notice of the application would not subject the order to collateral attack.

**3. Certiorari ⬾9—Not granted to set aside a sale for an irregularity which resulted in no prejudice.**

Where a guardian applying for sale of ward's land became clerk of the probate court and as clerk gave notice of the application for sale, the wards, receiving full value of the land sold, could not set aside the sale on certiorari, since a writ of certiorari is not a writ of right, and is only available to review errors which result in injury to party complaining.

**4. Certiorari ⬾42(9)—Amendment of pleading in certiorari so as to allege that no order of sale was made is abandonment of cause of action for relief from such an order.**

Where wards sought by petition for certiorari to obtain relief from orders of sale, an amendment, alleging that there was no order of a certain date, is abandonment of the cause of action for relief from such order.

**5. Certiorari ⬾64(1)—On certiorari to review sale of ward's land existence of order for sale as recited in deed cannot be determined.**

On certiorari by wards to review sale of ward's land on application of guardian, it cannot be determined whether or not an order of a certain date recited in deed to purchaser was in fact never made.

**6. Certiorari ⬾70(5)—Finding of court as to matter not reviewable on certiorari disregarded as surplusage.**

On certiorari to review sale of ward's land for irregularities affecting the orders of sale in which as to one order petition was amended so as to allege nonexistence of order which could not be determined on certiorari, finding of the court as to the existence of the order would be disregarded as surplusage.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Certiorari by Charles R. Goodman and others against William F. Schwind and others to review orders of probate court. From a judgment of the Court of Civil Appeals (186 S. W. 282) reversing judgment of district court defendants bring error. Judgment of Court of Civil Appeals reversed and judgment of district court affirmed.

George E. Holland, of Orange, W. W. King, of San Antonio, and Gaines & Corbett, of Bay City, E. E. Townes, E. W. Townes, and L. A. Carlton, all of Houston, Black & Smedley, of Austin, for plaintiffs in error.
J. T. Adams, of Houston, and W. O. Huggins, of Orange, for defendants in error.

McCLENDON, J. Plaintiffs, who are the children of C. L. Goodman, deceased, sought by certiorari from the district court to review certain orders of sale of real estate, entered by the county court of Orange county in a

guardianship proceeding in which plaintiffs were the wards and C. L. Goodman, their father, was guardian. Defendants are subsequent purchasers of the land under the guardian's deeds. The cause was tried without a jury and the orders complained of were held valid. The Court of Civil Appeals, Ninth District, reversed the judgment of the district court, and rendered judgment holding the orders void. 186 S. W. 282.

The facts material to a clear understanding of the merits of the controversy follow:

Plaintiffs inherited the land in question from their deceased mother. Some time in 1902 C. L. Goodman was appointed guardian of the estates of the plaintiffs, and later, in the same year, he was elected clerk of the county court of Orange county, in which court the guardianship was pending. On February 3, 1903, the court entered an order, authorizing the guardian to sell the property, and on February 10, 1903, an order, confirming a sale by the guardian to George E. Williamson at $7.25 per acre. On April 23, 1904, the court entered an order upon further application of the guardian, authorizing the latter to make sale to Williamson of only a part of the land at the original price of $7.25 per acre, it having been found upon examining the title that as to the remainder of the land there was a defect in the title, and Williamson was unwilling to comply with his bid as to that portion. Deed by the guardian was made to Williamson in accordance with said order. Later, in 1907, title to the remainder of the land having been cleared, the guardian executed a deed to Williamson, conveying said property at the same price per acre as originally ordered. This deed recites an order of the probate court of date April 30, 1907, authorizing the guardian to make sale upon the terms stated in the deed. The original application for certiorari sets up the four orders above mentioned, and sought to have them annulled as being void or voidable, on the ground that at the time they were entered the guardian was the clerk of the court in which the orders were entered, and issued the notices upon the applications for said orders, and transcribed the orders upon the minutes. By an amended application, the plaintiffs asserted that the order of April 30, 1907, recited in the guardian's deed, did not appear upon the minutes or other records of the court, and had not in fact ever been made. We need not notice the pleadings of the defendants further than to state that they alleged, among other things, that the guardian obtained full value for the land, and plaintiffs were in no way injured by any irregularities in the sale. The findings of the trial court support this pleading.

[1, 2] The orders complained of are not void. The jurisdiction of the probate court of Orange county had attached to the estates of the minors in the land affected by these orders. The fact that the guardian was elected and qualified as clerk of said court did not disqualify him in any sense from acting as guardian; neither did it affect the validity of the guardianship proceeding. For the purposes of this case, it may be conceded that the guardian was disqualified from acting as clerk in any matter touching the guardianship; and if the jurisdiction of the court, or the validity of the orders entered, depended upon the validity of the notices issued by the guardian as clerk, there might be ground for holding the orders on that account void. That the orders are not void is not an open question in this state. Since the case of George v. Watson, 19 Tex. 369, overruling Finch v. Edmonson, 9 Tex. 504, it has been the uniform holding of our Supreme Court that an order of sale by a probate court does not depend for its validity upon notice of the application for sale; and, even in the absence of any notice of such application, the order of sale would not be void, and could not be attacked in a collateral proceeding. Heath v. Layne, 62 Tex. 692. The court having jurisdiction over the subject-matter, and having passed the orders, the issuance of notices upon the applications and the transcribing of the orders by the guardian were irregularities, which could only be reviewed in a direct proceeding instituted for that purpose.

[3] It is contended by plaintiffs that as the proceeding by certiorari is direct and appellate in its nature, the district court in such proceeding has power to review and annul the orders. The proceeding by certiorari is direct and appellate in its nature; but there is this essential difference between an appeal by certiorari and an ordinary appeal from the probate to the district court. An appeal removes the matter complained of to the district court for trial de novo as a matter of right; whereas certiorari reviews the action of the probate court for errors committed by that court. The trial in the district court, it is true, is de novo, but the issues are confined to errors of the county court specifically set forth in the application for the writ; and, unless there be error, the order or decision of the county court will not be disturbed. R. S. 1911, title 21, chapter 1.

The writ of certiorari was known to the common law before statutes authorizing and defining its use and application were enacted, and it seems to be well settled that—

"Except where so made by statute, the writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require.

"If the error is manifest and substantial injury has been sustained, the writ should be allowed; but the court will not award the writ

where the errors complained of are merely informal and technical, or where, although there is error in fact, substantial justice has been done, and no appreciable injury has resulted to the complaining party." 6 Cyc. 748, 749.

The application should show, not only illegal action below, but also consequent injury. 6 Cyc. 782.

In an action by certiorari to review a judgment of the justice court, Judge Wheeler, in the case of Criswell v. Richter, 13 Tex. 18, says:

"It has been settled by repeated decisions of this court that a petition for a certiorari must disclose merits. It must appear that the petitioner had a good cause of action or ground of defense, and that wrong or injustice has been done him in consequence of the error or illegality complained of. Mere irregularities, or errors which have operated no prejudice to the right of the party, will not suffice as a ground for obtaining a certiorari."

The rule above stated has been repeatedly announced and applied by our Courts of Civil Appeals to certiorari from the district to the probate court.

In Fitzwilliams v. Davie, 18 Tex. Civ. App. 81, 43 S. W. 840, the heirs of Minerva J. Fannin sought by certiorari to annul an order of the probate court in the guardianship of said Minerva, authorizing a sale of her property, for irregularities in the notice of application for sale. The property was sold for $400. The evidence showed that the property was then worth $600. Immediately after the sale, the purchaser sold to Davie, the latter agreeing to pay $1,000 absolutely to the guardian of Minerva in five annual installments of $200 each, and thereafter $250 per annum during the life of Minerva. The judgment of the district court denying the relief sought by plaintiffs was affirmed by the Court of Civil Appeals, that court holding:

"We also agree with the trial court in holding that a writ of certiorari to set aside orders made by a probate court is not a matter of right, and if the testimony shows, as in this case, that, as a result of the sale, the ward has received benefits equal to the value of the property, the probate orders should not be disturbed."

The same conclusion was reached in Comstock v. Lomax, 135 S. W. 185, where it was held that irregularities alone in the application for sale are not enough to require the sale to be set aside, but that it must appear in connection with such irregularities that a disadvantageous sale was effected. In each of these cases a writ of error was denied.

From these authorities we think it clear that the plaintiffs are not entitled to have the orders of sale annulled, in the absence of a showing of some injury; and, as the contrary appears from the findings of the trial court, we' conclude that that court properly declined to disturb the orders.

[4-6] The conclusions above reached are decisive of all the issues presented, except that it is contended by plaintiffs that the district court committed error in its finding of fact to the effect that there was evidence tending to show an order entered by the probate court on April 30, 1907, as recited in the guardian's deed. Plaintiffs contend that by filing an amended pleading, in which they alleged that there was no order of April, 1907, entered by the court, they thereby abandoned so much of their cause of action as sought relief from such order. This position we think is correct. We do not understand that the existence or nonexistence of orders of the probate court can be established in a proceeding of this nature. If, as contended by plaintiffs, no such order was entered, their rights are certainly not affected by the fact that the order does not appear upon the minutes or other records of the court. The writ of certiorari cannot be properly employed to correct errors in deeds of guardians or administrators, but only errors of the county court. The district court in such proceeding could not try the title to the land or remove cloud therefrom. Its jurisdiction was confined to reviewing errors committed by the probate court. It does not follow, however, that the finding by the district court that the order of 1907 was made by the probate court, but not entered upon the minutes, requires a reversal of the trial court's judgment. That judgment recites that the court is of opinion that the orders "complained of by the plaintiffs, and specifically described in their petition, are valid and binding," etc., and decrees that "said orders complained of are hereby declared·to be valid and binding," etc. The orders affected by the decree are not therein more specifically described than as quoted above. And in view of the state of the pleadings of plaintiffs, in effect abandoning complaint of the order of 1907, by alleging its nonexistence, we cannot construe the judgment as relating to said order. The finding by the trial court complained of may be disregarded as surplusage.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the district court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.