THOMAS et al. v. PURE OIL CO. et al.
(No. 499.)

Court of Civil Appeals of Texas. Waco.
June 2, 1927.

Rehearing Denied Sept. 8, 1927.

1. Guardian and ward ⊂⊃13(3)—Application for guardian for minors' estate, substantially complying with statute, held sufficient on certiorari.

Application for appointment of guardian for the estate of minors, which was in substantial compliance with statute, held sufficient on certiorari.

2. Guardian and ward ⊂⊃13(3)—Where minors requested named person as guardian of estate, lack of personal service on them held not to render his appointment void on certiorari.

Where minors over 14 years of age requested the appointment of a designated person as guardian of their estate, that there was no personal service upon the minors held not to render void the order appointing the requested person on certiorari.

3. Guardian and ward ⊂⊃10—Where father requested another be appointed guardian of minors' estate, failure to dispose of father held not to render order appointing guardian void on certiorari.

Where the father of minors filed a waiver of his right to be appointed guardian of their estate and requested that another designated person be appointed, that no disposition was made of the father of the minors held not to make void the order appointing the requested person on certiorari.

4. Guardian and ward ⊂⊃13(3)—Notices of application for guardian of minors' estate held sufficient on certiorari, though sheriff's return misstated date when he received citation.

The fact that sheriff's return showed that citation on application for appointment of guardian for minors' estate came to him on March 13, 1921, and was executed on said date by publishing the notice on January 20, 1921, and January 27, 1921, held not to render the notices insufficient on appeal by certiorari, where the citation was actually issued on Jan-

uary 13 and it clearly appeared that it came into the hands of the sheriff on that date.

5. Guardian and ward ⊂⊃113—Application for certiorari to review guardianship of minors' estate held insufficient for court to set aside lease or sale of royalty on ground prices were inadequate.

On appeal by writ of certiorari to review guardianship of minors' estate, where it was sought to set aside the leasing of land and the sale of oil royalty on the ground that the prices were grossly inadequate, application alleging that the land was very valuable, that the lease was valuable, and that the royalty was valuable, but not alleging that they could have been sold or leased for better prices at the time, held insufficient.

6. Guardian and ward ⊂⊃13(8), 105(1)—On certiorari to review guardianship of minors, irregularities in appointment of guardian and sale of property do not authorize interference.

Mere irregularities in the appointment of a guardian for minors and in the sale of property are not sufficient to authorize interference on appeal to the district court by writ of certiorari.

7. Guardian and ward ⊂⊃113—Sale of royalty by guardian of minors held valid though confirmed without bond, where again confirmed 10 months after report of sale with bond (Rev. St. 1925, art. 4216).

Where sale of oil royalty by guardian of minors was confirmed without any bond being given by the guardian, but 10 months thereafter the sale was again confirmed and the guardian required to execute a bond, and no injury appeared, the sale was valid, under Rev. St. 1925, art. 4216, providing that the county court may approve a sale at any time after the expiration of 5 days.

8. Guardian and ward ⊂⊃13(8), 113—On certiorari to review appointment of guardian and lease and sale of royalty, court may examine transcript in passing on general demurrer and special exceptions.

On appeal by writ of certiorari to the district court to review proceedings as to appointment of a guardian of the estate of minors and lease and sale of royalty, district court has a right to examine the transcript of the orders about which complaint is made, in determining whether general demurrer and special exceptions should be sustained.

Appeal from District Court, Limestone County; W. T. Jackson, Judge.

Certiorari by Lois Thomas and others against the Pure Oil Company and others, to review proceedings in guardianship over the estate of applicants as minors. From judgment of dismissal, applicants appeal. Affirmed.

Lewis M. Seay, of Groesbeck, Frank C. Bolton and N. T. Stubbs, both of Mexia, and E. G. Lloyd, Jr., of Alice, for appellants.

C. S. & J. E. Bradley, of Groesbeck, W. E. Whightsel, of Wichita Falls, and Vinson

Elkins, Sweeton & Weems, of Houston, for appellees.

BARCUS, J. Appellants were minors, and William Kimbell was appointed guardian of their estate by the county court of Limestone county in February, 1921. Appellants owned an undivided five-sevenths of a one-sixteenth interest in 100 acres of land, valued in the inventory at $900. On March 9, 1921, the guardian was authorized by the county court to lease said property to A. E. Humphreys, one of appellees herein, for the sum of $607.15 and one-eight royalty. On April 11, 1921, the guardian was authorized by the county court to sell one-half the one-eighth royalty, for the sum of $450, to A. E. Humphreys. Appellants filed this suit in the form of an application for a writ of certiorari, alleging that each and every order made by the county court in appointing the guardian and in ordering the leasing of the land and the sale of the royalty was void, and asking that the entire proceedings in the guardianship matter be sent to the district court and that said court on final hearing cancel and annul all of said proceedings had in the guardianship matter. Appellants alleged that the lease interest had been sold to and was owned by appellees Pure Oil Company, a corporation, and Western Oil Fields Corporation, and that the royalty was owned by appellee Humphreys. The writ of certiorari was granted and a transcript of the proceedings in the guardianship matter of appellants, consisting of 76 pages, was filed in the district court. Appellees filed separate answers, consisting of a general demurrer and a number of special exceptions. The trial court sustained the general demurrers and all special exceptions. Appellants declined to amend, and the court dismissed the cause.

[1-4] Appellants contend that the order appointing William Kimbell guardian of the minors was void, because the application did not contain all of the provisions required by the statutes, because there was no personal service upon the three minors who were over the age of 14, because no proper notice had been given, and because no disposition was made of the father of the minors. We overrule all these assignments. It appears that Jack Womack and William Kimbell each filed applications to be appointed guardian of the minors, both returnable to the February, 1921, term of the county court of Limestone county. There is no question about the sufficiency of the application made by Jack Womack, or with reference to the notices that were given thereon. The transcript from the county court shows that the application filed by Kimbell was in substantial compliance with the statute, and the three minors over 14 years of age filed with the papers a request that Kimbell be appointed their guardian. The father of the minors filed a waiver of his right to be appointed guardian and a request that Kimbell be appointed. There is no question about the sufficiency of the notices on the Womack application, and the only criticism of the notices on the Kimbell application was that the sheriff's return showed that the citation came to him on March 13, 1921, and was executed on said date by publishing the notice in a paper in Limestone county on January 20 and January 27, 1921. The affidavit of the publisher shows that the notice was published on said dates. The citation was actually issued on January 13th, and it clearly appears that the statement that same came into the hands of the sheriff on March 13th, instead of January 13th, is a clerical error, which does not affect the proceedings, Stockyards Nat. Bank v. Presnall, 109 Tex. 32, 194 S. W. 384; Miller v. Davis (Tex. Civ. App.) 180 S. W. 1140.

Appellants contend that the leasing of the property was void because one tract thereof was not embraced in the inventory filed by the guardian, and because the notices were not in compliance with the statute. The transcript shows that both of the two tracts were embraced in the inventory, and that proper notices were given.

[5, 6] Appellants contend that the leasing of the land as well as the sale of the oil royalty should be set aside because it appears that the price was grossly inadequate. The allegations in appellants' application for writ of certiorari state in general terms that in February, March, April, May, and June, 1921, the land was very valuable, that the lease was valuable, and that the royalty was valuable, but said petition does not state that same could have been sold or leased for any better prices at that time, and does not allege any sufficient facts to authorize the court to set aside the sale of the royalty and the lease by reason of inadequate prices. Clopper v. Hutcheson, 16 Tex. Civ. App. 157, 40 S. W. 604; Comstock v. Lomax (Tex. Civ. App.) 135 S. W. 185. It appears from the record that the interest of the minors was five-sevenths of a one-sixteenth interest in two tracts of land, one consisting of 33 and the other of 66 acres, and that the guardianship proceedings were instituted in order that said land might be handled in the development of the oil, and with the exception of a few irregularities it appears that the proceedings in the guardianship matters were in strict compliance in every detail with the statutes. It seems to be the well-established rule that mere irregularities in the appointment of a guardian and in the sale of minors' property are not sufficient to authorize the district court on appeal by certiorari to set aside said appointments, orders, and decrees. Taffinder v. Merrell (Ky.) 65 S. W. 177; Greer v. Ford, 31 Tex. Civ. App. 389, 72 S. W. 73; Schwind v. Goodman (Tex. Com. App.) 221

S. W. 579; Robertson v. Johnson, 57 Tex. 62.

[7] Appellants contend that the sale of the royalty should be set aside because at the time the order was made approving the sale the guardian was not required to give a bond for double the amount for which the royalty was sold. It appears that a proper application for sale of the royalty was made and legal notice thereof given, and that it was sold for $450, and an order confirming the sale was made on April 11, 1921, which did not, however, recite that a bond had been given or required, and it appears that no bond was given at said time. In March, 1922, more than 3 years before this proceeding was instituted, the guardian filed a motion in the guardianship proceeding asking that the order of April 11, 1921, confirming the sale of the royalty, be corrected, and that a new order be entered confirming the sale, and that he be required to execute a bond, which motion was granted, and the county court entered an order on March 21, 1922, confirming the sale made April 11, 1921, and requiring the execution by guardian of a bond for $1,000, being more that double the amount for which the royalty was sold, and said bond was on March 21, 1922, executed and filed by the guardian and approved by the court. Under article 4216 of Revised Statutes (1925), the county court may at any time after the expiration of 5 days after the report of sale by a guardian is filed, approve same. We think the order of confirmation made by the court in March, 1922, requiring the bond to be filed, and the record showing the bond was on said date filed and approved, is sufficient to authorize the guardian to execute a deed conveying the royalty to A. E. Humphreys, the purchaser named in the report of sale, regardless of any defects or omissions in the order made in April, 1921. The fact that 10 months had elapsed after the report of sale was filed before it was confirmed did not affect its validity. Appellants did not allege or claim that any harm or injury occurred to them or had been occasioned to them by reason of the additional bond not having been required when the sale was confirmed in April, 1921, and since an order was entered in March, 1922, confirming the sale and requiring a bond to be given, which bond was executed and approved on said date, and since no injury is in any way claimed to have been occasioned, we do not think that any ground is shown for setting aside the order of the county court approving the sale of the royalty. Schwind v. Goodman (Tex. Com. App.) 221 S. W. 579.

[8] The transcript of the probate proceedings filed in the district court in compliance with the order granting the writ of certiorari shows that practically all of the errors complained of in appellants' petition for the writ of certiorari as a matter of fact did not and do not exist. Appellants contend that the trial court was not and that this court is not authorized to look to the transcript from the county court in passing upon the general demurrers and special exceptions. We overrule this contention. It appears to be the settled law that in appeals by certiorari the trial court has the right to examine the transcript of the orders about which complaint is made, in order to determine whether the general demurrer and special exceptions should be sustained or overruled. Darby v. Davidson, 27 Tex. 432; Jones v. Nold, 22 Tex. 379; Seeligson v. Wilson, 58 Tex. 369; Nelson v. Hart (Tex. Civ. App.) 23 S. W. 831; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Rea v. Raley (Tex. Civ. App.) 37 S. W. 169; Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101. We see no good reason why the trial court should not look at the transcript from the county court to determine whether the allegations contained in the application for certiorari as to the contents of the orders complained of are true, and if the record shows that the complaint is unfounded no useful purpose could be accomplished by trying the cause and then inspecting the transcript and, after doing so, dismissing same.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.