The PURE OIL COMPANY, Plaintiff in Error, v. Henry CLARK et al., Defendants in Error.

No. 1374—5962.

Commission of Appeals of Texas, Section B.

Feb. 1, 1933.

See, also, 35 S.W.(2d) 488, 838; 37 S.W.(2d) 1083, 1088; 56 S.W.(2d) 852, 853, 855.

Vinson, Elkins, Sweeton & Weems, C. A. Sweeton, and David T. Searls, all of Houston, and Wynne & Wynne, of Wills Point, for plaintiff in error.

Beall & Beall, of Sweetwater, and McEntire, Shields & Elam, of Canton, for defendants in error.

RYAN, J.

PURE OIL CO. v. CLARK et al.

No. 1375—5965.

Commission of Appeals of Texas, Section B.

Feb. 1, 1933.

See, also, 35 S.W.(2d) 488; 37 S.W.(2d) 1083, 1088; 56 S.W.(2d) 850, 852, 853, 855.

Vinson, Elkins, Sweeton & Weems, C. A. Sweeton, and David T. Searls, all of Houston, for plaintiff in error.

McEntire, Shields & Elam, of Canton, Beall & Beall; of Sweetwater, and E. E. Hurt, of Dallas, for defendants in error.

Mann, Neel & Mann, of Laredo, as amicus curiæ.

LEDDY, J.

R. Clark was duly appointed guardian of the estate of Isabelle Clark, a person of unsound mind, on May 17, 1908, in cause No. 1684 on the probate docket of Van Zandt county, Tex. Upon the application of the said R. Clark he was by the same court appointed temporary guardian of Isabelle Clark on September 29, 1928, in cause No. 4289 on the docket of said court, and subsequently this appointment was made permanent. On February 7, 1929, said R. Clark was again appointed by the same court as temporary guardian of the same ward, in cause No. 4308 on the docket of said court, and said appointment was made permanent on March 5, 1929. R. Clark attempted to qualify as guardian by complying with the statutes of this state in each of these three proceedings. It is shown that the estate of the ward over which he was thus three times appointed guardian consisted of identically the same property.

The record discloses that R. Clark, as guardian of the estate of Isabelle Clark, a person of unsound mind, made two separate applications to the probate court of Van Zandt county for authority to execute a mineral lease on the lands belonging to his ward. An order

was entered under each of these applications authorizing him to execute such a lease, and a bond was executed under each application, as provided for by article 4192, subd. 4, R. S. 1925, as amended by the Acts of the Fortieth Legislature, c. 164, § 1 (Vernon's Ann. Civ. St. art. 4192, subd. 4). One of these applications and the bond required thereunder showed the file number of cause No. 4289 and the others of cause No. 4308.

. Defendants in error, by certiorari proceedings in the district court of Van Zandt county, sought to have declared void the mineral lease executed by R. Clark as guardian of the estate of Isabelle Clark. In their petition it was alleged that the appointments of R. Clark as guardian of the estate of Isabelle Clark in causes No. 4289 and 4308 were void, because, at the time R. Clark was appointed guardian in each of said proceedings, he had theretofore by valid order of the probate court in cause No. 1684 been appointed guardian of said ward's estate, and had duly qualified as such, and that such appointment exhausted the power of the court to further appoint a guardian of the estate of said ward.

█ It is insisted by defendants in error that no valid mineral lease was executed by R. Clark, guardian of the estate of Isabelle Clark, covering the lands of his ward, for the reason that the applications for authority to lease, as well as the bonds executed thereunder, carried the file numbers of the void proceedings of causes No. 4289 and 4308 instead of the file number of the valid guardianship proceedings in cause No. 1684.

It appears from the record that all proceedings in connection with the application bearing the file No. 4308, and the bond executed thereunder, were in full compliance with the statute regulating the execution of mineral leases by guardians; but it does not appear that the bond executed under the application bearing file No. 4289 was in compliance with the terms of the statute. There is no showing that the mineral lease was not sold for its fair market value, or that the ward suffered any injury by reason of the irregularity in the application and bond bearing a file number different from that of the admittedly valid guardianship proceedings of cause No. 1684.

Disregarding mere form, and looking to the substance of the matter, the true situation is this: The probate court of Van Zandt county acquired jurisdiction over the estate of Isabelle Clark, a person of unsound mind, by the admittedly valid appointment and qualification of R. Clark as guardian in cause No. 1684. Such court therefore was legally empowered to authorize said guardian to execute a mineral lease on the lands of the ward, upon a proper compliance by him with the statutes regulating the execution of such leases. The duly qualified guardian made application to the court having jurisdiction over the estate of the ward for authority to execute the mineral lease. After a full compliance with all requirements of the statute in connection therewith, the execution of the lease was duly authorized, and the guardian properly executed the same.

In the face of these facts, we are asked to declare these proceedings, which appear to be regular, with the exception of their file numbers, absolutely void. To accede to this request would be to give force and effect to mere form, with an utter disregard for the substance of the transaction. If the application and bond had borne no file number whatever, the validity of a lease executed thereunder would not have been affected. The filing of a proper application by the duly qualified guardian in the court having jurisdiction over the estate of the ward was sufficient to invoke such jurisdiction under the pending valid guardianship.

If we assume the invalidity of the appointment of the guardian in causes No. 4289 and 4308, and the pendency of but one valid guardianship proceeding, that of cause No. 1684, the application for authority to lease and the court's action thereon will be referable to the pending valid proceeding. This is true, notwithstanding the application for such lease and the bond executed thereunder erroneously bore the file number of an invalid proceeding. The numbering of the application and bond as under cause No. 4308 constituted a mere irregularity not shown to have resulted in any injury to the ward's estate.

█ Where orders entered in a guardianship proceeding are not void for want of jurisdiction, they will not be set aside on account of mere irregularities, unless it be shown that the same operated to the injury of the ward. Thomas et al. v. Pure Oil Co. (Tex. Civ. App.) 297 S. W. 776; Hannon v. Henson (Tex. Com. App.) 15 S.W.(2d) 579. The action of the court upon the application to lease would have been exactly the same and the ward would have received the same compensation had the application borne the file number of the valid guardianship proceedings in cause No. 1684.

The question here involved is similar to that decided by the Appellate Court of Indiana in Globe Mining Company v. Oak Ridge Coal Company, 79 Ind. App. 76, 134 N. E. 508, 509. In that case it appeared that a party, after the adjournment of the term of the court at which a judgment had been rendered against him, filed a proceeding in the nature of a bill of review, to set aside such judgment. This proceeding was given the same file number as the original cause. It was contended that the pleadings were insufficient to entitle the plaintiff to the relief sought because the cause was not numbered as an independent suit. The court assented to the correctness of the proposition that the suit to set aside the judgment was a new

and independent suit, and should have borne the number of a new suit, but held that the misnumbering of the cause did not operate to prevent the court from awarding the relief prayed for. In passing on this question the court said: "But, wherever justice appears to demand it, courts should look through the form of a pleading to its substance, and thereby made it effective for the purpose intended, where this can be done without violating any statute or settled rule of practice."

If at the time application was filed by R. Clark for permission to execute a mineral lease on the land of his ward cause No. 1684 had been the only guardianship proceeding pending in said court, we do not think it could have been seriously urged that the mineral lease made thereunder would have been void merely because the application and bond had been given erroneous file numbers. This is exactly the situation which would be presented if we assume the invalidity of the appointment of the guardian in causes 4289 and 4308. If such appointments were absolutely void, then the record would be in the same condition as if no such appointments had ever been made.

We therefore recommend that the judgments of the trial court and Court of Civil Appeals be reversed and judgment here rendered for plaintiff in error.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.

See, also, 35 S.W.(2d) 488, 838; 37 S.W.(2d) 1083; 40 S.W.(2d) 962; 56 S.W.(2d) 850, 852, 853.