Corinne Darnell RICHARDSON et al., Appellants,

v.

D. C. LINGO et al., Appellees.

No. 12751.

Court of Civil Appeals of Texas.

Galveston.

Oct. 21, 1954.

Rehearing Denied Dec. 16, 1954.

Bracewell & Tunks, and Joe H. Reynolds, Houston, for appellants.

Henderson & Kirchheimer, and Theo. R. Kirchheimer, Houston, for appellees.

GRAVES, Justice.

This is a suit in certiorari, appealed from the Probate Court of Harris County, allowing the will of Rose Lingo, Deceased, to probate. The basis for the appeal, by certiorari, is that the will admitted to probate was procured and written under undue influence, and by fraud and deceit.

By virtue of Art. 932, Vernon's Ann. Tex.Civ.St., the appellants made their application for certiorari to the District Court of Harris County.

D. C. Lingo, surviving husband of the deceased, appellee, made application to probate the questioned will in the Probate Court of Harris County, and upon hearing thereof, the will was admitted to probate.

From such order allowing the will to probate, the appellants—the three daughters of the deceased, Mrs. Rose Lingo—made application to the District Court to review such order of the Probate Court, by proceedings in certiorari.

The petition was filed, the writ was issued, after bond, and appellee answered, setting up special exceptions. The special exceptions were heard by the court, and judgment was entered, sustaining such special exceptions, thereby dismissing appellants' application for a writ of certiorari, to which action the appellants, the plaintiffs below, gave notice of appeal.

In this Court appellants present three points of error, the substance of all of which is this: The trial court erred in dismissing appellants' application for writ of certiorari, because, (1) such application stated a cause of action reviewable in the District Court by certiorari; (2) the court's holding that only questions of law could be considered by the District Court was error because an order of the Probate Court allowing the will to be probated is reviewable by certiorari in the District Court; (3) the trial court's action was error for the reason that plaintiffs' petition distinctly did set forth the errors they complain of.

In answer to appellants' stated contentions, the appellees present three counterpoints to the effect that, (1) the record in the Probate Court revealed that that court did not commit any error in the proceedings had there; (2) that appellants' application for the writ of certiorari failed to distinctly set forth the errors in the order of the Probate Court complained of, and failed to distinctly set forth any errors which were errors-of-law and judicial in character, or that were beyond the jurisdiction of the Probate Court, or in excess of such jurisdiction; (3) the writ of certiorari so sought by the appellants did not seek to have any proceedings of the Probate Court revised, or corrected, but such application merely requested the trial court to render appellants a new trial on matters of fact which had been decided in that court against them.

It is determined here that appellants' presentments should all be overruled, and that the contrary contentions thereto of the appellees should be sustained, and the appealed from judgment, in consequence, affirmed.

Such answering presentments of the appellees are to this Court so satisfactorily stated in their brief that this much of it is adopted as this Court's further opinion, to-wit:

There are various rules and statutes relating to writs of certiorari under different circumstances and to different courts, but we are concerned here with the certiorari to the County Court from the District Court. The rules relating to such a proceeding are Rules 344-351 of the Texas Rules of Civil Procedure, and in addition to such rules there is still in effect Article 932 of the Civil Statutes of the State of Texas.

Article 932 provides as follows:

"Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

And in addition to Article 932, there is Rule 344 of the Texas Rules of Civil Procedure which provides as follows:

"An application for writ of certiorari to the county court shall be made to the district court, or a judge thereof. It shall state the name and residence of each party adversely interested, and shall distinctly set forth the error in the proceeding sought to be revised."

The remaining rules, 345, 346, 347, 348 and 349, provide for bonds and the issuance of the writ by the District Clerk, and we are not concerned with them at this time. Rule 350 provides as follows:

"The cause shall be tried de novo in the district court, but the issues shall be confined to the grounds of error specified in the application for the writ. The judgment

shall be certified to the county court for observance."

Again it is to be noted that this appellee has excepted to the application for writ of certiorari on the grounds * * * (it) fails to distinctly set forth the errors in the orders of the Probate Court; that the application for writ of certiorari does not set forth any errors committed by the Probate Court; that the application does not distinctly set forth any errors which were errors of law and were beyond the jurisdiction of the Probate Court or in excess of such jurisdiction and that (the) application nowhere seeks to revise and/or correct any orders of the Court but that said application merely requests a new trial upon matters of fact which have been decided against them.

An examination of the appellants' application for writ of certiorari by this appellee's attorneys fails to reveal an allegation wherein they have alleged that the lower Court committed any error, nor does such application "distinctly set forth any errors" in the orders of the Probate Court of which appellants complain; nor does such application distinctly set forth any error of law in the proceedings in the Probate Court or any orders which were beyond the jurisdiction of the Probate Court and which such allegations and such errors must be shown before this Court has jurisdiction to (order) a trial de novo under and by virtue of a writ of certiorari.

With respect to the application for writ of certiorari, we first take up the allegations of Paragraph No. II in which the applicant alleges the Will left by Mrs. Rose Lingo, the order of the Probate Judge admitting said Will to probate, and an order appointing a temporary administrator. Nowhere is there alleged any error of the Probate Court in so admitting said Will to probate or in appointing the temporary administrator. All parties were before the Court in the probate proceedings, and the Court, after a due hearing on the case, found that the Will was the Last Will and Testament of Rose Lingo and, further, that the same was executed with all the formalities re-

quired by law and that such Will was not executed as a result of undue influence.

An examination of Paragraphs IV and V of the said appellants' application for writ of certiorari (shows it) failed to disclose to this appellee's attorneys any allegations wherein it is alleged that the lower Court committed any error in the proceedings in such Court, or that the said lower Court was without power to decide such matters as were alleged and had no jurisdiction of the same, or that there were any errors of law committed by the said Probate Court of Harris County, Texas.

A case in which the fact situation closely resembles the facts before the Court in the case at bar is the case of Robertson v. National Spiritualists' Ass'n, Tex.Civ.App., 25 S.W.2d 889, 891 (writ dismissed). In this case the appellant brought suit for breach of contract; the facts were that the appellant, who was an attorney, was discharged after he failed to probate a Will in the County Court. The appellant had a contingent-fee contract which provided that $25,000 would be paid appellant, "if and when said will should be probated by final judgment or decree in a court of competent jurisdiction". Judgment was rendered in the County Court denying the Will to probate, and to which action the appellant attorney gave notice of appeal. The Appeal Bond from the County to the District Court was not executed, and the appeal was dismissed for lack of jurisdiction. The appellant in this suit alleged that he was ready, willing and able to secure the final probate of said Will and would have performed such services but for the wrongful act and breach of contract by the appellee. The appellant in his case on appeal urged that he had a right to have the judgment of the County Court revised and corrected by certiorari proceedings notwithstanding that the appeal had been originally dismissed by the District Court. (The) appellate court held that such statutory provisions did not apply to the facts of the case and in so holding stated as follows:

"That in order for appellant to have established his right to recover against ap-

pellee, it was incumbent upon him to allege and prove facts sufficient to show: (a) That appellee would have been entitled, as against the judgment of the county court refusing to probate said instrument, to the writ of certiorari to have reviewed said judgment—facts from which it would have appeared that such proceedings were void or that some substantial wrong and injustice to the estate of John L. Jackson had been done. * * * This holding is in accord with the following rule of law announced by Chief Justice James in the case of Comstock v. Lomax et al. (Tex.Civ. App.), 135 S.W. 185, 186, viz.: 'The writ of certiorari to annul proceedings of the county court in probate matters is not a writ of right in the sense that the proceeding will be revised for errors as on appeal. Relief is only granted in such cases when it is made to appear that the proceeding is void, or that some substantial wrong and injustice to the estate has been done.'

"After a careful inspection of the statement of facts, we find that appellant failed in both of such requirements." In the case of Johnson v. Coit, Tex.Civ.App., 48 S.W. 2d 397, 400, the Court, in discussing what was the basis of a plaintiff's suit under an application for a writ of certiorari, stated as follows:

"As provided by article 933, it was incumbent upon plaintiffs to distinctly set forth in their application for the writ of certiorari the errors in the orders of the county court sought to be revised. And under the rule of decisions of this state the burden was upon the plaintiffs to further allege that the errors complained of were ones of law and judicial in character, and not mere irregularities relating to the performance of ministerial acts or such as were done in the exercise of a sound discretion of the court. And the writ applies to an order of court sought to be revised if the same was beyond the jurisdiction of the county court or in excess of such jurisdiction. 9 Tex.Jur. pp. 28-30, and authorities there cited.

"We have reached the conclusion that the county court had no jurisdictional

authority to make the orders referred to authorizing and approving the deed of conveyance by the executors to Mrs. Cora Shannon, and approving the final account of the executors showing that such a conveyance had been made in accordance with the former order of the court authorizing the same." And again, in the same case, the Court states the general rule to the effect that the hearing on the writ is confined to the question of whether error was committed by the lower Court, and in so doing stated as follows:

"As provided by article 939, after the writ of certiorari is granted, the case is then tried de novo in the district court; and in 9 Tex.Jur. p. 42, the following is said: 'The hearing on the writ is generally confined to the question of whether error was committed by the lower court. The District Court in such proceeding may not correct errors in deeds of guardians or of administrators, nor may it try the title to land; it may review only the errors of the County Court.'"

In the case of Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286, 288 (Commission of Appeals, opinion adopted by the Supreme Court), an administrator had qualified and had approved a claim presented to him. The heirs at a later date filed a petition for a writ of certiorari to review the proceedings and which was granted by the District Court. Upon appeal the Commission of Appeals held that the District Court should have dismissed the petition for writ of certiorari, and in so doing stated as follows:

"Clearly if the order of the probate court appointing Dunaway administrator was valid then the orders of that court approving the claims were final and not subject to review in the district court, except upon direct appeal, and the Court of Civil Appeals erred in affirming the judgment. Jones et al. v. Wynne et al., Tex.Com.App., [133 Tex. 448] 129 S.W.2d 286. * * *

"It is correctly stated in the opinion of the Court of Civil Appeals that the judgment of the district court must be presumed

to have been supported by the evidence since no statement of facts was filed.

"It is settled that the district court's jurisdiction over probate proceedings had in the administration of the estate of deceased persons is appellate only. Jones et al. v. Wynne et al., supra; Id., Tex.Civ. App., 104 S.W.2d 141, 143, 2nd col. par. (1); Pierce v. Foreign Mission Board, Tex.Com. App., 235 S.W. 552; Johnson et al. v. Stalcup, Tex.Civ.App., 74 S.W.2d 751; Const. of 1876, art. 5, sec. 16, Vernon's Ann.St.

"It therefore follows that the district court erred in taking any action upon the petition for certiorari other than to dismiss it. It appears upon the face of the petition that administration of the estate was in process in the probate court at the time the petition was filed. It does not appear from the allegations of the petition, nor is it claimed by any of the parties, that the adjudication of any of the matters complained of were beyond the powers of the probate court. If there was no error in the order of that court appointing Dunaway administrator, as found by the district court, it became its duty to dismiss the petition and it erred in not so doing."

In the case of Clopper v. Hutcheson, 16 Tex.Civ.App. 157, 40 S.W. 604, the Court holds that a decree of the County Court should not be revised by the District Court on certiorari where the proceedings in the County Court were in strict compliance with the statutes and the law where, if there was any error at all, it was in judicial discretion, and not in law. The Court, in discussing Article 932 relating to certiorari and Rule 350 as regards a trial de novo, and in discussing the instant case, states as follows:

"If there was any error at all, it was in judicial discretion, not in law, for the law was complied with to the letter. There was nothing, therefore, in the proceedings of the court to put any one upon notice of any illegality in the transaction. The ground of revision must and can only be a lack of discretion in the judge in passing upon the facts in regard to the fairness of the price, and the district court was called upon to pass upon it, not in the light of the facts before the county judge, but other, and perhaps totally different, testimony. We do not believe that it was contemplated by the legislature that such a ground for revision of a probate order should be tenable. To sanction such a ground would be to lay every title from an executor, administrator, or guardian open to attack, and that, too, upon a point against which it would be impossible to guard. Compliance with the most minute requirements of the law would be no safeguard against the attack, for it is an error that is not based upon the law, but upon a lack of proper discretion in the county judge. The attack may come many years after the sale was made, when the evidence before the county judge is inaccessible or unknown; and a revision of his official discretion would take place, and upon a different state of facts it might be held that he was wrong in ruling that the price for the land was a fair one, and therefore titles would be unsettled, and confusion reign. To thus remedy a supposed wrong to an individual would be to unsettle the titles of thousands. Those titles may have passed through many mutations, as in this case, and may have been held unsuspectingly for many years; the parties having no notice of errors in the probate proceedings, and no way of ascertaining them. Public policy would, in the absence of fraud or any error of law, preclude a revision of the order of the county judge upon a question of discretion alone. Not only would the holders of titles from the estates of decedents suffer from permitting a revision of matters that must, in the very nature of things, be confided to the judicial discretion of some one, but great loss would be entailed upon such estates, the practical effect of such power of revision being to prohibit the sale of such estates. No one would be found with sufficient temerity to purchase property that carried with it not only the possible, but probable, means of destruction of its title, against which business foresight and prudence could make no provision."

In the case of State v. De Silva, 105 Tex. 95, 145 S.W. 330, 333, in which the State sought to get a temporary injunction

against one De Silva, the Court of Civil Appeals certified to the Supreme Court of the State of Texas the question of whether or not a proceeding in the County Court could be reviewed by the means of writ of certiorari in the District Court. The Court stated the rule to be as follows:

"Section 8 of article 5 of our Constitution confers upon the district courts authority to issue writs of certiorari, which invests that court with power to use the writ for any purpose to which it could be applied, which is tersely stated thus: 'Certiorari is a writ issued by a superior court to an inferior court of record, requiring the latter to send into the former some proceedings therein pending, or the records or proceedings in some cause already terminated in cases where the procedure is not according to the course of the common law. In such case, however, the officer or tribunal to whom the writ is issued must be an inferior officer or tribunal exercising judicial functions, and the proceedings sought to be reviewed must be judicial proceedings; for it is not the office of a common-law writ of certiorari to review ministerial acts, but only to correct errors of law apparent on admitted or established facts—never to settle disputed points.' 4 Ency.Pl. & Pr. pp. 8, 11."

In the case of Comstock v. Lomax, Tex. Civ.App., 135 S.W. 185, 186 (writ refused), the Court in discussing the writ of certiorari in an appeal from the County Court states as follows:

"The writ of certiorari to annul proceedings of the county court in probate matters is not a writ of right in the sense that the proceeding will be revised for errors as on appeal. Relief is only granted in such cases when it is made to appear that the proceeding is void, or that some substantial wrong and injustice to the estate has been done."

And in the case of George v. First Nat. Bank of Tulia, 67 S.W.2d 324, 325, 326 (writ refused), the Court in discussing and affirming the lower Court's action in dismissing a petition for writ of certiorari states as follows:

"The following are well-settled legal principles:

"(1) A writ of certiorari is not a writ of right, as is an appeal, in cases of this character, and is only available to review errors which resulted in injury to the complaining party. Schwind v. Goodman (Tex.Com. App.) 221 S.W. 579.

"(2) In determining this question, the entire transcript of the proceedings in county court may be examined in connection with the allegations of the application for such writ. Thomas et al. v. Pure Oil Co. et al. (Tex.Civ.App.) 297 S.W. 776, and numerous authorities there collated.

"(3) The jurisdiction of the district court is confined to the facts alleged, as well as the grounds of error specified in the application for writ of certiorari filed with said court. McAllen v. Wood (Tex. Civ.App.) 201 S.W. 433; article 933, R.S. 1925."

And again in the case of Hayden v. Middleton, Tex.Civ.App., 135 S.W.2d 281, 283, the Court in discussing the jurisdiction of the District Court on a writ of certiorari stated as follows:

"The judgment of the district court is void in so far as it purports to construe the last will and testament of Wm. Humphries, decd. Though the District court has jurisdiction to construe wills [citing cases], its jurisdiction in certiorari proceedings from the probate court is confined to the grounds of error specified in the application for the writ; that is, to a trial de novo of the issues made by the pleadings in the probate court to the extent that error is assigned thereto in application for the writ. Art. 939, supra. * * * Therefore, the district court could not acquire jurisdiction of that issue in a certiorari proceeding."

And in the case of Lafleaur v. Switzer, Tex.Civ.App., 109 S.W.2d 239, 241, the Court states:

"It is the appellee's contention that, since this proceeding was in the form of certiorari and not by direct appeal, the matter of amending the officer's return could not be

considered in the district court, and such apparently was the view of the trial court, as evidenced by his rulings. It is true, as contended by the appellees, that a proceeding by certiorari, although direct and appellate in its nature, is narrower in its scope in that the trial in the district court on certiorari merely reviews the action of the probate court for errors committed by that court. See Schwind v. Goodman, Tex.Com. App., 221 S.W. 579, 580. But even so, the proceeding here was an attack upon the judgment of the trial court as an absolute nullity, based upon the sufficiency of the citation to confer upon the probate court authority to enter the order probating the will. Certainly that presented to the district court for determination the vital and controlling question of whether or not there had in fact been any citation, as required by the statute. It seems clear to us that the district court could properly receive testimony upon that issue and had power, should it be necessary, to allow the sheriff to amend his return so that the return would reflect the true facts with respect to the posting of the citation. If citation was in fact posted in accordance with the statute, then certainly the order probating the will was valid."

In the case of Schwind v. Goodman, Tex. Com.App., 221 S.W. 579, 580, the plaintiffs by certiorari sought to review certain orders entered by the Probate Court relating to the sale of real estate under a guardianship proceeding, and the Commission of Appeals in discussing the application of a writ of certiorari to the Probate Court states as follows:

"It is contended by plaintiffs that as the proceeding by certiorari is direct and appellate in its nature, the district court in such proceeding has power to review and annul the orders. The proceeding by certiorari is direct and appellate in its nature; but there is this essential difference between an appeal by certiorari and an ordinary appeal from the probate to the district court. An appeal removes the matter complained of to the district court for trial de novo as a matter of right; whereas certiorari reviews the action of the probate court for errors committed by that court. The trial in the district court, it is true, is de novo, but the issues are confined to errors of the county court specifically set forth in the application for the writ; and, unless there be error, the order or decision of the county court will not be disturbed. R.S.1911, Title 21, chapter 1." And the Court declined to disturb the orders of the Probate Court.

In discussing what is meant by the portion of the statute which states "distinctly setting forth the error in the proceeding sought to be revised", the Court in the case of Lee v. Benzes, Tex.Civ.App., 209 S.W. 768, 769 (no writ action), states as follows:

"An investigation of our decisions relating to certiorari to the county court has not put us in possession of any definitely expressed rule with respect to what is meant by distinctly setting forth the error in the proceeding sought to be revised. However, as a party who did not appear in the probate court may institute certiorari proceedings (Heaton v. Buhler, [60 Tex.Civ.App. 423] 127 S.W. 1078), it appears that the inquiry is not directed at whether the county court was justified in entering a certain order upon the evidence adduced before him, but whether the order entered is one which in view of the facts set out in the petition for certiorari is distinctly shown to be one which the law declares should not be entered."

And the Trial Court should examine the transcript from the County Court in order to determine whether the general demurrer or special exceptions should be sustained or overruled, Thomas v. Pure Oil Co., Tex. Civ.App., 297 S.W. 776 (no writ action).

The trial court did not err in sustaining the special exceptions of appellees. The trial court's judgment should be in all things affirmed, and it is so ordered.

Affirmed.