Sadie BROOKS, Appellant,

v.

Altha HEXT, Appellee.

No. 6743.

Court of Civil Appeals of Texas.

Beaumont.

May 6, 1965.

Motion for Rehearing Overruled
June 30, 1965.

Joe Bob Golden, Jasper, Louis Dugas, Jr., Orange, for appellant.

Sexton & Owens, Orange, for appellee.

PARKER, Justice.

Appellee Altha Hext made application to the County Court of Orange County to probate the alleged will of Mahala Helm, deceased. Such application was contested by Sadie Brooks, appellant. An order was entered admitting the will to probate. Contestant tried to perfect an appeal to the 128th District Court of Orange County. The 128th District Court dismissed the appeal upon motion of appellee Altha Hext. Sadie Brooks, appellant, brings this appeal complaining of the action of the 128th District Court.

In the District Court of Orange County, Texas, the appeal was dismissed by an order signed and entered the 21st day of April, 1964, which dismissal was based upon appellee's plea to the jurisdiction and motion to dismiss alleging the appeal was not perfected because: (1) The appeal bond was not filed within 15 days from the date of rendition of the decision, order, decree or judgment appealed from as provided in Rule 333, Texas Rules of Civil Procedure. (2) The transcript was filed with the Clerk of the District Court of Orange County, Texas, on February 20, 1964, which was not within the 30 days provided by Rule 336 within which to file same from the date of rendition of the decision, order, decree or judgment of the County Court appealed from. (3) It was not until February 19, 1964, that appellant filed with the County Clerk a written direction as to the matters deemed necessary to a review of the County court ruling appealed from to be included in a transcript with counsel for appellee not being furnished with a copy of such direction, which appellee urges is not in compliance with Rule 336, T.R.C.P.

T.R.C.P. 306a states:

"In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein. * * * In the event the date of signing of a judgment or order is not shown therein as required above, then the date of rendition shall be otherwise shown of record."

Limiting ourselves to the record, the date upon which the written judgment was signed by the County Court trial judge is shown initially as follows:

20th
"SIGNED and ENTERED this the ~~22nd~~ day of January, 1964.

/s/ Sid J. Caillavet
Judge Presiding

"APPROVED AS TO FORM:

"Sexton & Owens
"Attorneys for Proponent

"BY /s/ Paul R. Owens
Paul R. Owens

" /s/ Louis Dugas, Jr.
Louis Dugas, Jr., Attorney for Contestant"

———◆———

The correct date of the judgment is otherwise shown of record if authorized by 306a, T.R.C.P., by the following: On the 4th of February, 1964, Sid J. Caillavet, as County Judge of Orange County, Texas, in an order signed by him on that date fixed the amount of the appeal bond in this language:

"This the 4th day of Feb. , 1964, Sadie Brooks having duly requested that the amount of the appeal bond be fixed in the above entitled and numbered matter to enable her to appeal from that certain order rendered therein on the 22nd day of January, 1964, wherein the alleged will of Mahala Helm, deceased, was admitted to probate, it is ordered by the court and also the judge thereof that such amount be and it is hereby fixed at $ 500.00 .

/s/ Sid J. Caillavet
County Judge of Orange County, Texas"

———◆———

In accordance with such order, appeal bond in said sum was made by Sadie Brooks as principal and two sureties, which bond was approved by Sadie Stephens, County Clerk of Orange County, Texas, on February 5, 1964.

The same trial judge signed the following order in said cause, to-wit:

"WHEREAS the above numbered and entitled estate pending in the County Court of Orange County, Texas, sitting in matters of probate, on the 22nd day of January, 1964, an order was rendered admitting the alleged will of Mahala Helm, deceased, to probate from which an appeal has been taken to the District Court, and it appearing to the court that the original papers should be sent to the District Court in connection with the transcript.

"It is therefore ORDERED, ADJUDGED and DECREED that the original papers in the above cause be transmitted to the District Clerk for safe keeping and return thereof after said cause is disposed of.

/s/ Sid J. Caillavet
Sid J. Caillavet, Judge of County Court."

The order itself is undated but it was filed on February 19, 1964, by Sadie Stephens, county clerk of Orange County, Texas. Accordingly, the entire record was forwarded to the district court, leaving nothing to justify any complaint by appellee in connection with the transcript. Such original papers were not forwarded and filed with the district clerk of Orange County until February 20, 1964. This would comply with Rule 336 if the date of the judgment in the county court was January 22nd, but would be one day late if the date remaining in the judgment, January 20th, is correct.

■ From appellant's bill of exceptions in the district court of Orange County on the hearing to dismiss, a deputy county clerk of Orange County testified that on January 22, 1964, for the first time the order admitting the will to probate was presented to her for filing; that the judgment at that time showed it was entered and signed by the county judge of Orange County on January 22, 1964, and that the date was in the handwriting of the judge; that on January 22, 1964, that she, believing the date of trial was the proper date, on her sole initiative without authority from the judge, did change the date the judgment was signed and entered from January 22, 1964, to the 20th day of January, 1964; that although she received such judgment for the first time on the 22nd of January, she certified it was filed on the 20th day of January. We cannot consider her testimony in this court.

■ In the state of the record at the present time appellant did not file her appeal bond within 15 days after the signing and entering of the order by the judge admitting the will to probate as stated in such order. Further, the appellant did not file within 30 days after January 20th, 1964, the transcript with the district court of Orange County, Texas.

■ It would seem that manifest injustice has resulted to appellant if there is an error in the date of entry of the judgment which was a "clerical error" and not a "judicial error" and no reason exists why such a mistake in date could not have been corrected nunc pro tunc to show date of entry. T.R.C.P., 316; Mahaley v. Jenkins, Tex.Civ.App.1963, 369 S.W.2d 847; Williams v. Pitts (1952) 151 Tex. 408, 141 Tex. 408, 251 S.W.2d 148. Also see Ex parte Godike, Tex., 355 S.W.2d 701 (1962).

Appellant, by a proper application to the county judge of Orange County could have had corrected the date of the judgment entered which order of correction could have been forwarded by supplemental transcript for consideration. In the state of the record before us, each and all of appellant's points of error are overruled, they being as follows:

1. The District Court erred in granting Appellee's motion to dismiss the appeal from the County Court on the ground that Appellant's designation was not filed in accordance with Rule 336 of the Texas Rules of Civil Procedure because such provision in Rule 336 is not jurisdictional and does not warrant a dismissal as a matter of law.

2. The District Court erred in granting Appellee's motion to dismiss the appeal from the County Court on the ground that Appellant failed to file an appeal bond within 15 days after rendition of the order admitting the will to probate.

3. The District Court erred in granting Appellee's motion to dismiss the appeal from the County Court on the ground that Appellant failed to file the transcript with the District Clerk within 30 days after rendition of the order admitting the will to probate.

The judgment of the trial court is affirmed.