Rayburn M. HAMILTON, Individually and as Administrator of the Estate of H. S. Cobb, Deceased, Appellant,

v.

Ava Josephine McAMIS, Appellee.

No. 204.

Court of Civil Appeals of Texas.

Tyler.

March 24, 1966.

James T. Flynt, Quitman, for appellant.

H. M. Harrington, Jr., Harrington & Harrington, Longview, for appellee.

MOORE, Justice.

This cause originated in the probate court of Wood County, Texas, in a probate proceeding involving the estate of H. S. Cobb, deceased. The appellant, Rayburn M. Hamilton, was the administrator of the estate. On February 19, 1965, the probate court of Wood County entered a final decree closing the estate and partitioning the properties belonging to the estate to the various heirs, including appellant, Rayburn M. Hamilton, and the appellee, Ava Josephine McAmis. Appellant immediately gave notice of appeal to the District Court of Wood County, Texas.

Upon motion of the appellee, the District Court of Wood County dismissed the appeal for want of jurisdiction on the grounds (1) that appellant had failed to file an appeal bond with the County Clerk within 15 days after the rendition of the order appealed from, and (2) that appellant failed to file the transcript of the proceedings in the probate court with the District Clerk within 30 days of the order appealed from.

The question is whether or not appellant has properly perfected his appeal so as to confer jurisdiction upon the District Court.

Appellant admits in his brief that the transcript of the proceedings in the probate court was not timely filed with the Clerk of the District Court. He contends, however, that since he filed all of the original papers in the probate proceedings in the District Court prior to the time the court heard the motion to dismiss, the court should have retained jurisdiction and therefore erred in dismissing the appeal. We do not agree.

Contrary to appellant's contention in his brief, the record before us does not reflect that the original probate papers were ever filed in the District Court. The record does reflect that the decree of partition closing the estate was filed. This instrument, however, does not appear to have been certified to by the County Clerk, and was not filed in the District Court until March 29th, which date was more than 30 days after the date of the order appealed from.

It is provided in Rule 336, Texas Rules of Civil Procedure that the party appealing from the order of the probate court shall file a transcript of the proceedings therein with the Clerk of the District Court within 30 days from the rendition of the order appealed from. The Rule further provides that no enlargement of time for filing the record prohibited by Rule 5 shall be allowed.

▮ We are of the opinion that Rule 5 has the effect of making mandatory and jurisdictional the provisions of Rule 336 regarding the filing of the transcript in the District Court. Since the provisions of Rule 336 requiring the transcript be filed

in the District Court within 30 days of the rendition of the judgment or order appealed from is mandatory and jurisdictional, we are of the opinion that appellant lost his right to prosecute his appeal and as a result, the District Court acquired no jurisdiction; consequently, the trial judge had no alternative other than to dismiss the appeal. Callahan v. Stover (Tex.Civ.App.), 263 S. W.2d 630, writ ref.

In view of the ruling made on appellant's first point, the remaining question of whether or not appellant, as an administrator of the estate, was required to give bond as a prerequisite to his appeal to the District Court under Section 29 of the Probate Code, V.A.T.S., becomes immaterial and we therefore defer discussion of the second point.

For the reasons stated, the judgment of the District Court dismissing the appeal must be affirmed.

Affirmed.