**Calvin D. YOUNG, Appellant,**

v.

**Maxine YOUNG, Appellee.**

**No. 16928.**

Court of Civil Appeals of Texas.

Fort Worth.

May 17, 1968.

Rehearing Denied June 14, 1968.

William D. Campbell, Fort Worth, for appellant.

Harris, Ball & Stewart, and Joseph W. Stewart, Arlington, for appellee.

OPINION

RENFRO, Justice.

The purported last will of Johnie S. Young, deceased, was admitted to probate over the contest of Calvin D. Young by order of the probate court entered on April 6, 1967. Calvin D. Young gave notice of appeal to the District Court.

The record from the probate court was filed in the district clerk's office August 11, 1967.

On September 7, 1967, the administratrix, Maxine Young, filed her amended motion in the 96th District Court for dismissal for lack of jurisdiction because appellant failed to file a transcript with the district clerk within thirty days after the order of probate was entered.

The motion was granted and the District Court dismissed the appeal.

In two points of error the appellant argues that the court did have jurisdiction of the appeal and the court abused its discretion in failing to retain jurisdiction.

Appellant's attorney on appeal, at the hearing in the District Court on the motion to dismiss the appeal, testified that: he, on April 12, requested the probate clerk's office to send the original papers to the district clerk and was told they would take care of the matter; on May 5 he again requested that the original papers be filed;

actually the record was not filed in the district clerk's office until August 11, 1967 (127 days after order admitting the will to probate was entered).

Rule 336, Texas Rules of Civil Procedure, provides in part, "The appealing party shall file such transcript with the clerk of the district court within thirty days from the date of rendition of the decision, order, decree or judgment so appealed from. Provided, that upon the filing of a motion in the county court within such thirty day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record, or any part thereof."

The appellant did not file a motion for extension of time during the thirty day or five day period, and in fact did not file a motion for extension of time during the 127 days following the rendition of the probate judgment. The transcript was filed 92 days after the expiration of the time given by the rule in which to file for an extension of time.

Rule 336 became effective September 1, 1962.

In Church v. Crites, 370 S.W.2d 419 (Tex.Civ.App., writ ref., n.r.e.), Chief Justice Murray, construing Rule 336, in June of 1963 held: "The effect of the new rules is to make it the duty of the appellant (formerly it was the duty of the clerk of the county court) to file the record in the district court within thirty days after the signing of the judgment or order in the county court, and to make this requirement mandatory and jurisdictional by the use of the following language of new Rule 336, to-wit: '* * * but no enlargement of the time for filing the record except as contemplated by this rule, nor enlargement of time prohibited by Rule 5, shall be allowed.' "

The Tyler Court, in Hamilton v. McAmis, 401 S.W.2d 314, in an opinion rendered in March, 1966, held: "We are of the opinion that Rule 5 has the effect of making mandatory and jurisdictional the provisions of Rule 336 regarding the filing of the transcript in the District Court. Since the provisions of Rule 336 requiring the transcript be filed in the District Court within 30 days of the rendition of the judgment or order appealed from is mandatory and jurisdictional, we are of the opinion that appellant lost his right to prosecute his appeal and as a result, the District Court acquired no jurisdiction; consequently, the trial judge had no alternative other than to dismiss the appeal."

In Brooks v. Hext, 392 S.W.2d 500, the Beaumont Court in May, 1965, upheld a dismissal by the district court of an appeal from the probate court. A point of error, claiming the provisions of Rule 336 requiring the transcript to be filed within thirty days was not jurisdictional, was expressly overruled by the Court of Civil Appeals.

We are in accord with the foregoing cases and hold that the District Court lacked jurisdiction of the attempted appeal. The court's action in dismissing for lack of jurisdiction is approved.

As supporting his contention the trial court abused its discretion in dismissing the appeal, appellant cites Flowers v. Bauer, 394 S.W.2d 526 (Tex.Civ.App., 1965, no writ hist.).

In the Flowers case the transcript *was* filed within the thirty day period. The District Court, under that part of Rule 336 which provides, "Defects or irregularities in the procedure incident to the appeal, either of form or substance, may be corrected or amended after the record has been filed, and reasonable time to do so shall be allowed by the district court," allowed a supplemental transcript, which contained a part of the probate record not included in the original transcript, to be filed. The basis of the action of the appellate court for approving the action of the District Court is found in its statement, "We hold that the filing of the transcript within the thirty-day period as provided in Rule 336,

T. R. C. P., is the act necessary under the facts before us, to confer jurisdiction on the district court."

In fact, Flowers v. Bauer recognized that late filing of a transcript is jurisdictional when, in distinguishing Church v. Crites, supra, the court said of the holding in that case, "The late filing of such transcript without an extension of time for good cause shown, was jurisdictional and, therefore, the district court could not entertain the appeal."

In the instant case the appellant did not file a transcript or any part of the probate proceedings in the District Court within thirty days after rendition of the probate judgment, nor request an extension of time.

Affirmed.