**Lula WYNN et al., Appellants,**

v.

**A. B. EPPS et vir, Appellees.**

**No. 490.**

Court of Civil Appeals of Texas, Tyler.

June 18, 1970.

Rehearing Denied July 9, 1970.

---

**563**

Granberry, Hines & Gordon, F. P. Granberry, Crockett, for appellants.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellees.

McKAY, Justice.

Appellants desired to appeal from an order of the County Court of Houston Coun-

ty, Cause No. 4026, and there was a direct appeal. The County Clerk filed the original papers with the Clerk of the District Court of Houston County. It was numbered 9274 in the District Court, and the date of filing in that Court was December 20, 1967.

On April 17, 1968, appellants filed in the District Court of Houston County an Application for Writ of Certiorari from Cause No. 4026 in the County Court of Houston County, and such application was designated as Cause No. 9304 in the District Court.

On May 2, 1968, appellees filed a plea in abatement in Cause No. 9304 on the ground that appellants had filed their appeal in the same identical cause of action which was Cause No. 9274 in the same Court, that the parties were the same, that the supposed cause of action was the same, and that Cause No. 9274 was still pending in the same Court.

On May 30, 1968, appellants' motion in Cause No. 9274 to dismiss because "Plaintiff wishes no further to pursue this case at this time" was granted, and the trial court entered an order "that the above entitled and numbered cause be and the same is hereby dismissed."

On October 30, 1968, appellees, in their First Amended Original Petition, alleged that appellants had, before the commencement of Cause No. 9304, filed and perfected their appeal from the County Court of Houston County in the same identical cause of action, had procured the dismissal of said Cause No. 9274, and that the parties were the same, that the supposed cause of action was the same, and that Cause No. 9274 was res judicata to Cause No. 9304.

On January 12, 1970, the trial court granted the plea in bar of res judicata, and appellants have perfected this appeal from that judgment.

Appellants, by two points, contend that the trial court erred in holding that the

voluntary dismissal of Cause No. 9274 was a bar to prosecution of this suit because the trial court did not have jurisdiction of Cause No. 9274, and that such dismissal would not be res judicata as to this suit.

Rule 336, Texas Rules of Civil Procedure, provides in part as follows:

"* * * The county clerk shall thereupon immediately prepare under his hand and seal of the court a transcript consisting of a true copy of the proceedings so designated. The appealing party shall file such transcript with the clerk of the district court within thirty days from the date of rendition of the decision, order, decree or judgment so appealed from. * * *

* * * * * *

"Defects or irregularities in the procedure incident to the appeal, either of form or substance, may be corrected or amended after the record has been filed, and reasonable time to do so shall be allowed by the district court, but no enlargement of the time for filing the record except as contemplated by this rule, nor enlargement of time prohibited by Rule 5, shall be allowed. * * *"

■ Appellants contend that to confer jurisdiction on the district court in Cause No. 9274, it was necessary for the County Clerk to prepare a transcript and for the appealing party to file same within thirty days from the rendition of the order or judgment appealed from. We agree that the jurisdiction of the district court depends upon the filing of the record in that court within thirty days from the date of the order or judgment appealed from as we held in Hamilton v. McAmis, 401 S.W. 2d 314 (Tex.Civ.App., Tyler, 1966, n. w. h.), but we do not agree that the filing of the original papers within the thirty days instead of a transcript would prevent the district court from acquiring jurisdiction. Jones v. Jones, 156 Tex. 287, 296 S.W.2d 237. Under Rule 336, copies of the original papers could have been made and supplied after the record was on file with the

district clerk as "defects and irregularities in the procedure incident to the appeal, either of form or substance, may be corrected or amended after the record has been filed, * * *" if judicial process is not delayed or harm done to the opposing party. Flowers v. Bauer, 394 S.W.2d 526 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.).

We hold that the district court acquired jurisdiction by the filing of the original papers within the thirty-day period from the date of the order or judgment appealed from. The district court had before it everything it would have had, had the transcript been sent. Timon v. Dolan, 244 S. W.2d 987 (Tex.Civ.App., San Antonio, 1951, ref. n. r. e.).

■ We next consider the effect of the voluntary dismissal of Cause No. 9274 by appellants after having perfected the appeal to the district court by direct appeal. A judgment of dismissal is a final judgment. 33 Tex.Jur.2d, page 609, Sec. 88. It is well settled in Texas that the rule of res judicata bars litigation of all issues connected with a cause of action or defense, which, with the use of diligence, might have been tried in a former trial as well as those which were actually tried. City of Dallas v. Dixon, 365 S.W.2d 919 (Tex.Sup., 1963); Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup., 1963); Harrell v. Harrell, 428 S.W.2d 370 (Tex.Civ.App., Houston 14th, 1968, ref., n. r. e.); Farhart v. Blackshear, 434 S.W.2d 395 (Tex.Civ. App., Houston 1st, 1968, ref., n. r. e.); Janke v. Kastrin, 394 S.W.2d 691 (Tex. Civ.App., El Paso, 1965, ref., n. r. e.).

■ Since the district court had jurisdiction of the appeal in Cause No. 9274, which was disposed of by voluntary dismissal, we hold that appellees' plea in bar by res judicata to Cause No. 9304 between the same parties with the same subject matter, was correctly sustained by the trial court. Appellants' points are overruled.

Judgment of the trial court is affirmed.