**Joe JEDLICKA et al., Appellants,**

v.

**Frances Jedlicka WILKINS, Appellee.**

**No. 499.**

Court of Civil Appeals of Texas, Tyler.

Oct. 29, 1970.

Morgan & Shumpert, Jack C. Morgan, Kaufman, for appellants.

Mays, Jacobs & Pevehouse, J. C. Jacobs, Corsicana, Fred V. Meridith, Terrell, for appellee.

McKAY, Justice.

Appellee, Frances Wilkins, filed application on June 10, 1968, to probate the will of C. K. Navratil, deceased, in the County Court of Kaufman County. The appellants contested the probate on the grounds (1) that testator lacked testamentary capacity, and (2) that undue influence was used upon the testator. After hearing, the Probate Court entered an order on July 12, 1968, denying probate of the will.

On July 22, 1968, appellee filed written notice of appeal with the County Clerk, and on the same day filed her appeal bond. The appeal was dismissed on January 20, 1969, by the District Court for want of jurisdiction because the transcript was not filed in time. On January 21, 1969, appellee filed her petition for writ of certiorari in the district court, and on January 28, 1969, the writ was granted. Prior to trial, appellants moved to quash the application for writ of certiorari. The motion to quash was overruled. The case was tried on the merits before a jury, and judgment was entered on the verdict admitting the will to probate. From that judgment, appellants have brought this appeal on four points.

The first point of error complains of the refusal of the trial court to quash appellee's writ of certiorari because she failed to allege any errors of law committed by the probate court. Rules 332–339, Texas Rules of Civil Procedure, provide for a regular appeal from the probate court to the district court, and Rule 339 provides that:

> "Where the judgment of the district court is one of dismissal of the appeal and a certified copy of such judgment of dismissal is entered of record on the minutes of the county court, the decision, order, decree or judgment of the county court appealed from shall stand as if no appeal had been taken."

Section 30, Probate Code, V.A.T.S., titled "Certiorari," provides that any person interested in a probate proceeding may have the proceeding revised and corrected within two years, and not afterward.

Rule 344, Texas Rules of Civil Procedure, provides that application for writ of certiorari to the county court shall be made to the district court, or a judge thereof, and

that " * * * (i)t shall state the name and residence of each party adversely interested, and shall distinctly set forth the error in the proceeding sought to be revised." (Emphasis ours). The trial in the district court shall be de novo but the issues are confined to the grounds of error specified in the petition for the writ. Rules 264, 350, Texas Rules of Civil Procedure.

The question presented is whether appellee alleged grounds of error in her petition for a writ of certiorari which were sufficient to invoke the jurisdiction of the district court. Appellants contend the alleged error must be one of law only.

Appellee's petition for writ of certiorari in paragraph V asserts that the will of C. K. Navratil, deceased, should have been admitted to probate and that the erroneous judgment caused her to sustain substantial and material loss and damage. In paragraph VI, appellee alleges:

(1) that the only pleading in the probate court by appellants was

(a) that C. K. Navratil at the time of making said will was not of sound and disposing mind and memory, and

(b) that appellee used undue influence on C. K. Navratil;

(2) that there was no evidence that C. K. Navratil was of unsound mind at the time of making of said will;

(3) that evidence of his testamentary capacity was insufficient to support the judgment of the probate court; and

(4) that the judgment of the probate court was so against the overwhelming weight of the evidence as to be manifestly unjust; that there was no pleading to support any theory that decedent did not understand, because of language barrier, the effect of the instrument which he was signing.

It will be noted that the pleading of appellee clearly alleges an error of law. Even if it could be said that the pleading complained only of errors of fact, the well-written exhaustive opinion by Chief Justice Chadick in Clayton v. Clayton, 308 S.W.

2d 557, 563 (Tex.Civ.App., Texarkana, 1957, n. w. h.), sets that issue at rest in this language:

" * * * parties interested in the estate of a decedent may appeal from judgments and orders to the District Court by certiorari for a revision and correction of the County Court's orders either admitting or denying a will to probate upon such errors as are distinctly set forth in the application for the writ in the District Court whether they are of law or of fact." (Emphasis ours).

Schwind v. Goodman, 221 S.W. 579 (Tex.Comm.App., 1920), cited by appellants seems to be authority as related to the case at bar only in distinguishing an ordinary appeal from an appeal by certiorari. The holding in Schwind is now embodied in Rule 350, supra, to the effect that the district court is confined in a trial de novo to the errors alleged in the petition for the writ.

Appellants also rely upon Richardson v. Lingo, 273 S.W.2d 119, 121 (Tex.Civ.App., Galveston, 1954, ref. n. r. e.), to sustain their first point. The Court in the Richardson case held that the petition for writ of certiorari " * * * fails to reveal an allegation wherein they have alleged that the lower Court committed any error, nor does such application 'distinctly set forth any errors' in the orders of the Probate Court of which appellants complain; nor does such application distinctly set forth any error of law. * * *" (Emphasis ours).

The Clayton v. Clayton case, supra, discusses Schwind v. Goodman, supra, Richardson v. Lingo, supra, and several other cases, including McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567. The Clayton case holds that the McDonald case and Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114, both by the Supreme Court, are authority for the district court having and exercising jurisdiction upon the facts of a probate case in a trial de novo. It follows that any claimed error of fact raised by the petition for certiorari could be tried by the district court. Point 1 is overruled.

■ Appellant's second point contends that the trial court erred in overruling their motion for judgment non obstante because all adversely interested parties whose rights would be affected were not made parties to the suit. The record reveals that C. K. Navratil was never married; that his parents were dead; that he had three brothers and one sister; and that Frank Navratil, one of his brothers, had left and had not been heard of or from since 1917. Anastasia Mikus was the daughter of Frank Navratil, and she joined with the other nieces and nephews of C. K. Navratil to contest the probate of the will in the county court. The contestants' pleading there stated they were the *only* legal heirs of said C. K. Navratil.

Each party adversely interested shall be named in an application for writ of certiorari. Rule 344, supra. The daughter of Frank Navratil could have no interest in the estate unless her father was dead, and when she joined the other contestants and alleged that they were the *only* legal heirs of C. K. Navratil, it was an acknowledgment that Frank Navratil was presumed to be dead, and if not, a judicial admission that he was dead. Article 5541, Vernon's Ann.Tex.Civ.St., provides that "Any person absenting himself for seven (7) years successively shall be presumed to be dead, unless proof be made that he was alive within that time. * * *" There was no issue as to Frank Navratil not being joined as a party until the motion for judgment after verdict. The judgment recited that " * * * all implied findings of fact and conclusions of law are now made in favor of the plaintiff * * *" and we conclude that the trial court, under the record, was entitled to make a finding, implied in the judgment, that Frank Navratil was not living. Appellants' second point is overruled.

■ By their third point, appellants contend the trial court erred in refusing to instruct the jury that C. K. Navratil had been unduly influenced by appellee to execute the will. Such a request is not in the transcript, but if the point is before us, this was a contested fact issue which the jury found against appellants. We see no merit in this point, and it is accordingly overruled.

■ Appellants' fourth point complains of the trial court's failure to submit a requested issue as to whether the instrument offered for probate was the Last Will and Testament of C. K. Navratil. There was no issue that the offered will was executed by C. K. Navratil, that he signed it, or that it was witnessed as indicated on the instrument. It seems to be the contention of appellants that decedent Navratil could not understand English or, if so, very little, and therefore he did not understand what he was signing.

Willis Moore, the attorney who drew the will, testified he was satisfied both at the time the will was drawn and at the time of trial that C. K. Navratil knew what he was doing. Moore testified he explained the will to him and that he satisfied himself that the testator knew his niece was getting all of his property when he died. From the record, there seems to be some conflict in in the evidence as to whether C. K. Navratil could read or speak the English language. That fact was not an ultimate issue. There is no evidence the instrument was not the Last Will and Testament of C. K. Navratil. There is no evidence that C. K. Navratil did not know the contents or the effect of the will. There was no evidence to raise the requested issue nor did appellants' pleadings raise it. Rule 279, T.R.C.P. The fourth point is overruled.

The judgment of the trial court is affirmed.