John P. WEBER, Appellant,

v.

Louella Proctor HAUSER, Appellee.

No. 15099.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 1, 1972.

John J. Pichinson, Corpus Christi, for appellant.

E. G. Lloyd, Jr., Frank B. Lloyd, Alice, for appellee.

BARROW, Chief Justice.

This is an appeal by John P. Weber, a grandson and heir at law of Theodore S. Proctor, deceased, from an order of the District Court of Brooks County dismissing for want of jurisdiction an appeal by Weber of a take-nothing judgment entered in the County Court of Brooks County, sitting in matters probate, in his suit to set aside the probate of an instrument dated November 2, 1966, as the last will of Theodore S. Proctor.

Among other grounds asserted by appellee in her motion to dismiss was the failure of Weber to file the transcript with the district clerk within thirty days from date of rendition of the take-nothing judgment appealed from as required by Rule 336, Texas Rules of Civil Procedure.[1] The record before us demonstrates that such judgment was signed on September 2, 1971, and the transcript was not filed until October 19, 1971. There is no motion for extension of time for filing the transcript in the record.

It is now settled law that the provisions of Rule 336, supra, requiring the transcript to be filed with the clerk of the district court within thirty days after the signing of the judgment or order appealed from are mandatory and jurisdictional. Young v. Young, 429 S.W.2d 527 (Tex.Civ.App.—Fort Worth 1968, writ ref'd); Hamilton v. McAmis, 401 S.W.2d 314 (Tex.Civ.App.—Tyler 1966, no writ); Brooks v. Hext, 392 S.W.2d 500 (Tex.Civ.App.—Beaumont 1965, no writ); Church v. Crites, 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

Since Weber did not file the transcript with the district clerk of Brooks County until more than thirty days after the entry of the take-nothing judgment in the county court, the district court did not acquire jurisdiction of his appeal. Accordingly, the trial judge did not err in entering the order

---

1. Rule 336 provides in part: "The appealing party shall file such transcript with the clerk of the district court within thirty days from the date of rendition of the decision, order, decree or judgment so appealed from. Provided, that upon the filing of a motion in the county court within such thirty day period, or within five days thereafter, showing good cause therefor, such court may grant a reasonable extension of time in which to file such record, or any part thereof."

of dismissal. It is therefore unnecessary to consider the other grounds asserted by appellee in her motion to dismiss.

The judgment is affirmed.