Delbert **PHILLIPS** et al.,
Appellants,

v.

**CHRISTIAN SCIENCE CHURCH** et al.,
Appellees.

No. 775.

Court of Civil Appeals of Texas,
Corpus Christi.

June 28, 1973.

Rehearing Denied July 31, 1973.

M. C. Chiles, Houston, L. L. Duckett, El Campo, J. Carroll McConnell, Fort Worth, for appellants.

Wm. Cline, Jr., Wharton, J. Edwin Smith, Houston, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment of dismissal of an application for writ of certiorari and writ of certiorari to review an order of the probate court of Wharton County, Texas, admitting to probate a will of J. W. Phillips, deceased.

The controversy arose over two purported written wills of J. W. Phillips, deceased, one of which was dated October 13, 1964, and the other, May 21, 1968, between prospective beneficiaries, some of whom would take under one will and not under the other.

On January 6, 1969, Paul Phillips filed application to probate the 1968 will of J. W. Phillips, deceased, in the County Court of Wharton County, Texas. Some of the appellants filed a contest to such 1968 will on the grounds that testator lacked testamentary capacity and that undue influence was used upon the testator. Other appellants later intervened seeking the admission to probate of the 1964 will. After a hearing on December 16, 1970, the probate court entered an order on March 9, 1971, denying probate of the 1964 will and admitting to probate the 1968 will.

Delbert Phillips and others, appellant-contestants below and appellants herein, gave notice of appeal to the district court and filed an appeal bond March 12, 1971, but the transcript was not timely filed. On motion of the appellee-proponents (of 1968 will), the appeal was dismissed for want of jurisdiction by the district court on December 14, 1971.

Thereafter, appellant-contestants filed application for certiorari on March 2, 1972, and writ of certiorari issued. The Christian Science Church, Victoria, Texas and Mrs. Alice V. Titus, defendant-proponents below and appellees herein, filed an answer to the application for writ of certiorari containing special exceptions and a request for dismissal of the application. The district court sustained all the defendant-proponents' special exceptions and dismissed the application for writ of certiorari and the writ of certiorari by judgment rendered November 6, 1972. From that judgment of dismissal the appellants have perfected this appeal.

In paragraph III of their application for writ of certiorari, appellants alleged that they filed their contest in county court, Wharton County, Texas, and pleaded there:

" . . . that the instrument dated May 21, 1968, . . . was invalid, null and void, because the said J. W. Phillips *was of unsound mind and not capable of making a valid will at the time. . . .*" (Emphasis supplied.)

The appellants further pleaded:

" . . . that said instrument (1968 will) was *procured* from the said J. W. Phillips by *undue influence* by Alice V. Titus and Phillip S. Titus, and that at the time the said J. W. Phillips signed the same, he was of unsound mind and did not know the objects of his bounty; he did not know his property or property rights, and did not have sufficient mental capacity to know, appreciate and understand that he was leaving all of his property to the parties named as his beneficiaries . . . as provided for in said instrument of May 21, 1968." (Emphasis supplied)

Further, in paragraph VI, the appellant said that they:

" . . . herein contend that the instrument found by the Probate Court of Wharton County, Texas to be the Last Will and Testament of J. W. Phillips, Deceased, is an *incorrect finding and*

*should be vacated and set aside and said instrument dated May 21, 1968, should be held to be null and void . . . .* contend . . . that said instrument signed by the said J. W. Phillips on October 13, 1964, . . . should be admitted to probate . . . ." (Emphasis supplied.)

In their prayer, the appellants asked that the cause be tried de novo and that the 1964 will be admitted to probate.

The foregoing are essentially the allegation on which the appellants sought review of the probate court's proceeding by trial de novo in the district court.

Substantially, the complaints set out in appellees' special exceptions, sustained by the district court, are that the appellants' application for writ of certiorari: (a) fails to distinctly set forth error in the orders of the probate court sought to be revised; (b) fails to set forth any error committed by the probate court; (c) fails to set forth any error of law committed by the probate court; and, (d) is merely a request for a new trial on matters of fact.

All of which brings us to one basic question. Did the appellants allege grounds of error in their application for writ of certiorari which were sufficient to invoke the jurisdiction of the district court? We hold that they did and that it was error to dismiss their application.

From the district court's judgment of dismissal of their application for certiorari, the appellants bring their appeal on five points. All the points complain of error committed by the district court in its action of dismissal on grounds of insufficiency of appellants' pleadings.

■ Review of certiorari is a statutory alternative to direct appeal to district court when direct appeal has been precluded by failure to perfect the direct appeal, as was the case here. Clayton v. Clayton, 308 S.W.2d 557, 563 (Tex.Civ.App.—Texarkana 1957, no writ); Jedlicka v. Wilk-

ins, 459 S.W.2d 956, 957 (Tex.Civ.App.— Tyler 1970, dism'd). The review by the district court is by trial de novo and the review may be of probate court errors of either law or fact. McDonald v. Edwards, 137 Tex. 423, 426, 153 S.W.2d 567, 570 (1941); Clayton, supra, 308 S.W.2d at page 563; Jedlicka, supra, 459 S.W.2d, at page 958. There should be liberal construction of the rights of parties to invoke the jurisdiction of the district court in certiorari proceedings to review the orders of the probate court. McDonald, supra, 153 S.W.2d at page 569. But Rule 344, Texas Rules of Civil Procedure requires that an application for writ of certiorari "shall distinctly set forth the error in the proceeding sought to be revised."

■ We hold that the appellants distinctly pleaded that the probate court erred in admitting the 1968 will to probate by their stating that the will was invalid and a nullity because of lack of testamentary capacity of J. W. Phillips or because of undue influence exercised upon him, at the time of execution of the will. It is not necessary for us to determine whether lack of testamentary capacity and undue influence are allegations of errors of law or allegations of errors of fact. The result is the same—allegations sufficient to invoke district court jurisdiction according to the Clayton and Jedlicka cases, supra.

Appellees' contentions on appeal here are essentially the same as set out in their special exceptions below regarding insufficiency of appellants' pleadings, citing as authority for their position Richardson v. Lingo, 273 S.W.2d 119 (Tex.Civ.App.— Galveston 1954, n. r. e.). Richardson seems to support appellees' contentions and our holdings are in apparent conflict with those in that case. However, if we are, we elect to follow the Clayton and Jedlicka cases, supra, which appear to us to be better reasoned and sounder than the Richardson case. See 17 Texas Practice, Probate and Decedents' Estates § 118 and § 125 (Woodward & Smith ed. 1971).

Next, appellees contend that the dismissal of appellants' application was correct for the reason that the application sought only a new trial on disputed facts issues which had been decided against appellants by the probate court. The case at bar is one in which there has not been a trial de novo in district court. Rule 350, T.R.C.P. answers the appellees' "new trial" contention by its provision that the cause presented in the application for the writ shall be tried de novo. See Zamora v. Garza, 117 S.W.2d 165 (Tex.Civ.App.—San Antonio 1938, no writ) to the same effect.

Finally, the appellees assert that the appellants are estopped by the doctrine of res judicata and election of remedies to pursue their application for writ of certiorari. The appellants here did attempt a direct appeal from the probate court by giving notice of appeal and posting bond. But their appeal was never perfected because of failure to timely file the transcript. So, on motion of the appellees, the district court dismissed the attempted appeal. Rule 339, T.R.C.P. provides that (on direct appeal) if the judgment of the district court is one of dismissal of the appeal, then the judgment of the probate court appealed from shall stand as if no appeal had been taken. Therefore, by the dismissal by the district court in the present case, jurisdiction never attached to hear the cause on its merits. We hold the appellants were not precluded to pursue their appeal by certiorari by their attempted direct appeal which was never perfected. Appellees cite Wynn v. Epps, 456 S. W.2d 562 (Tex.Civ.App.—Tyler 1970, dism'd) as authority to sustain their position on the point in question. In the *Wynn* case the appeal had been perfected. The district court therefore had jurisdiction to hear the appeal on its merits. But there the appellants, after the appeal was perfected, voluntarily dismissed that appeal and later tried to pursue an appeal by certiorari which was denied by the district court. In the *Wynn* case the district court acquired jurisdiction. In the present case the district court did not acquire jurisdiction and the provisions of Rule 339, supra, apply. All of appellants' points of error are sustained.

The judgment of the trial court is reversed and the cause is remanded for trial.