Jewell **LENDERMAN** et al., Appellants,

v.

*Adrian* **MAY,** *Independent* **Executor of the**
**Estate of Mary Etta Davis, De-**
**ceased, Appellee.**

No. 16285.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 14, 1974.

Rehearing Denied April 11, 1974.

William Drew Perkins, Gilbert M.
Spring, Lufkin, for appellants.

Albert J. Hutson, Jr., Groveton, Zeles-
key, Cornelius, Rogers, Berry & Hallmark,
Walter L. Borgfeld, Jr., Lufkin, for appel-
lee.

PEDEN, Justice.

This attempted appeal from the county
court in a will contest was dismissed by
the district court for want of jurisdiction.
The dismissal order referred to Rule 336,
Texas Rules of Civil Procedure, and stated
that the appeal was dismissed because nei-
ther a transcript of the proceedings in the

county court nor any of the original papers or exhibits filed in the county court in lieu of a transcript were transmitted to the district court within thirty days from the rendition of the order appealed from and no motion to extend the time for filing the record of the proceedings in the county court had been filed within that thirty day period or within five days thereafter.

The appellants' only point of error is that the district court erred in dismissing their appeal because they had timely filed the original documents from the county court with the district court.

Under Rule 336 one who wishes to appeal from certain probate orders may obtain from the county clerk necessary portions of the transcript or may utilize these provisions of the rule for filing in the district court of the original papers from the county court:

"Whenever the county judge is of the opinion that original papers or exhibits should be sent to the district court, either in lieu of a transcript or in connection therewith, he may make such order therefor, and for the safekeeping, transmittal and return thereof as he deems proper. The district court may by like order direct the county clerk to send to it any original paper or exhibit deemed necessary for purposes of review.

"If the county judge shall order original papers or exhibits sent to the district court in lieu of a transcript, a certified copy of such order, together with such papers and exhibits, shall be transmitted by the county clerk to the district clerk within thirty days from the date of rendition of the decision, order, decree or judgment appealed from."

When the hearing was held in the district court on the motion filed by the proponents of the will to dismiss the appeal, three witnesses testified. They were Mrs. Dottie Kendrick, who is a secretary for one of the attorneys for the appellants, Mrs. Bettie Mae Ainsworth, who is Clerk of both the County and District Courts of Trinity County, and Hon. J. V. Price, County Judge of Trinity County.

The appeal to the district court was from the order admitting the will in question to probate. It was entered on February 26, 1973.

Mrs. Kendrick testified that on March 7, 1973 she took the written notice of appeal, the bond and the order setting the bond to Trinity and gave them to Mrs. Ainsworth in her County Clerk's office on the first floor of the court house. She knew that Mrs. Ainsworth was both District Clerk and County Clerk and assumed the papers would be filed in the District Clerk's office.

On cross-examination she said she might have also brought a resume of some other testimony and she "assumed the whole file would be transferred after the notice and everything was taken care of."

Mrs. Ainsworth testified on direct examination by the appellants that in all her dealing in transferring cases, she always has an order transferring them to the other court, but there was no such order in this case and this was the reason she did not transfer it to the District Court. She saw one of the lawyers once when he was there on a different matter and mentioned it to him. She thought she had to have an order that the county clerk transfer all papers to the district court, but such an order was not brought to her until the middle or latter part of April. That Mrs. Kendrick had brought the papers—the entire file—to her as District Clerk for filing but she hadn't stamped the file date on the file until she got the transfer order.

However, on cross-examination Mrs. Ainsworth said that when she had the County Court papers in her custody before the transfer order was signed, she would say she had them as Clerk of the County Court. Before that order was signed she had the papers in her County Clerk's office.

County Judge J. V. Price testified that he recalled signing an order causing the records to be transferred to the District Court. It was done because there was a

question as to whether the appeal had been perfected.

The order signed by Judge Price stated:

"On this the 18th day of April, 1973, it is hereby ordered that the record in this cause be delivered by the Clerk of the Probate Court of Trinity County, Texas, and the Court hereby finds that all necessary prerequisites for this appeal have been duly and timely made by the contestants herein."

This order bears file marks dated April 23, 1973 by both the County Clerk and the District Clerk.

The transcript contains a copy of letter dated March 7, 1973 and filed the same day from counsel for the appellants to the County Clerk asking that a transcript of every document on file in the probate proceedings be prepared for an appeal, but apparently it was not prepared.

We affirm the judgment of the district court. We cannot say that the district judge erred in holding that the contestants in the county court failed to file their record in the district court in accordance with the provisions of Rule 336.

■ We consider that Rule 336 requires that one who seeks to perfect his appeal in estate proceedings from the county court to the district court by filing the original papers in lieu of a transcript must comply with the provisions of that rule which we have quoted (as amended effective September 1, 1962) by filing an order signed by the county judge directing the clerk to send the original papers to the district court and that a certified copy of such order must be sent to the district clerk, along with the original papers and exhibits, within thirty days after rendition of the judgment appealed from.

■ The appellants did not file a transcript in the district court, did not file with the district clerk the county judge's order directing that the original papers be sent to the district clerk until the 56th day after rendition of the judgment complained about and do not contend that they filed a *motion for extension of time during the thirty day period or within five days thereafter.*

Rule 5 makes mandatory and jurisdictional the provisions of Rule 336 regarding the filing of the transcript in the district court. Hamilton v. McAmis, 401 S.W.2d 314 (Tex.Civ.App.1966, no writ), cited with approval in Young v. Young, 429 S.W.2d 527 (Tex.Civ.App.1968, writ ref.).

■ The appellants argue that when Mrs. Kendrick handed the entire file to Mrs. Ainsworth in her County Clerk's office and asked that it be filed in the District Court, this constituted a filing with Mrs. Ainsworth as District Clerk within the 30 day period prescribed by Rule 336.

Even if we accept this version of the facts as true, we do not agree with this position. We believe that although Mrs. Ainsworth was also the District Clerk when she was located in her County Clerk's office, she had no authority to accept the County Court's file as District Clerk until authorized to do so by written order from the County Judge as provided in Rule 336.

■ We also note that in ruling on the motion to dismiss this case the district judge made neither findings of fact nor conclusions of law. He was entitled to make a presumed finding in support of his dismissal order based on the fact that when Mrs. Kendrick was testifying as to which papers she handed to Mrs. Ainsworth for filing, she did not include the original papers from the county court. That such original papers were not included is also suggested by the request for a transcript filed on March 7, 1973.

Mrs. Ainsworth, on the other hand, stated at one point in her testimony that Mrs. Kendrick had brought the entire file over to her, but this contradictory testimony does nothing more than raise a fact issue.

We affirm the district court's order dismissing the appeal from the county court.